## SAMUEL DABNEY *v*. STATE OF MISSISSIPPI.

. CRIMINAL LAW.   *Rape.   Evidence.   Larceny.   Other Offenses.*

On the trial of an indictment for rape it is error to admit evidence of the commission of larceny by the accused, such evidence not being necessary to identify the defendant and there being no connection between the offenses.

2. SAME.   *Evidence of other offenses.   Benefit of doubt.*

The general rule is that evidence of other crimes than the one for which the accused is being tried is inadmissible, and if it be doubtful whether such evidence falls within any of the exceptions to the rule it should be excluded.

3. SAME.

Discussion of exceptions to the general rule.

FROM the circuit court of Adams county.

HON. JEFF TRULY, Judge.

Dabney, appellant, was indicted, tried and convicted of rape, and appealed to the supreme court.

On the trial a witness was permitted to testify, over defendant's objection, that he, the witness, lived in an adjoining room to the prosecutrix and that his trunk was broken open and a suit of clothes stolen therefrom by defendant about the time the woman claimed to have been raped.

*R. L. Jones* and *A. Jones,* for appellant.

The court erred in admitting evidence for the state as to defendant's stealing clothes from the house of prosecutrix, and thereby biasing the jury against him and causing it to convict him on general principles because he seemed guilty of larceny, which crime probably furnished the motive for his being prosecuted.

*J. N. Flowers,* assistant attorney general, for appellee.

The testimony about the clothes being stolen was competent, since it helped to establish the identity of the accused.

WHITFIELD, C. J., delivered the opinion of the court.

It was error to admit the testimony as to the appellant's breaking into the trunk and stealing the clothes therefrom. There are cases in which it is competent to prove the commission of other crimes, and the principle within which this proof is allowed is very clearly stated in Rice's Evidence, vol. 3, c. 25. Such proof is allowed where the different crimes are parts of a system of crimes. An illustration of this is the case of *Regina* v. *Geering,* 18 L. J. M. C., 215. That was the case of a woman indicted for poisoning her husband in September, 1848, and the question was whether the poison was accidentally or intentionally administered, and it was held competent to show that three sons had been poisoned by the administration of the same poison in December, 1848, March, 1849, and April, 1849, and that defendant had prepared the meals containing the poison for all four of the poisoned persons. Where one crime is shown to be intimately connected with another, so as to furnish the motive for the commission of the crime charged, it is permitted to prove such other crime. We select two of the best statements we have found of the exceptions to the rule; one contained in the opinion of Agnew, J., in *Shaffner* v. *The Commonwealth,* 72 Pa., 60, 13 Am. Rep., 649, set out on page 209 of volume 3

of Rice on Evidence; and the other contained in the opinion
of Judge Dickson in *State* v. *Raymond,* 53 N. J. Law, 260, 21
Atl., 328, set out at page 212 in Rice's work, *supra.* The
former is as follows: "To make one criminal act evidence of
another, a connection between them must have existed in the
mind of the actor, linking them together for some purpose he
intended to accomplish; or it must be necessary to identify the
person of the actor by a connection which shows that he who
committed the one must have done the other. Without this
obvious connection, it is not only unjust to the prisoner to com-
pel him to acquit himself of two offenses instead of one, but is
detrimental to justice, to burden a trial with multiplied issues
that tend to confuse and mislead the jury. The most guilty
criminal may be innocent of other offenses charged against him,
of which, if fairly tried, he might acquit himself. From the
nature and prejudicial character of such evidence it is obvious
that it should not be received unless the mind plainly perceives
that the commission of the one tends by a visible connection to
prove the commission of the other by the prisoner. If the
evidence be so dubious that the judge does not clearly perceive
the connection, the benefit of the doubt should be given to the
prisoner, instead of suffering the minds of the jurors to be
prejudiced by an independent fact, carrying with it no proper
evidence of the particular guilt." *Shaffner* v. *Commonwealth,*
72 Pa., 60, 13 Am. Rep., 649 (Agnew, J.). Judge Dickson's
statement in the other case referred to, is as follows: "One
arises where the circumstances of the crime indicate that they
were both committed by the same person; as, if two buildings
should be fired by similar novel contrivances (*Com.* v. *Choate,*
105 Mass., 451), or, perhaps, the notorious Whitechapel mur-
ders. Another, when the defendant's perpetration of an extra-
neous crime shows that he had the opportunity of committing
the crime in issue. *Rev.* v. *Cobden,* 3 Fost & F., 833. Another,
when the several crimes may have sprung from a single motive

aiming at the accomplishment of the same end.　*People* v. *Wood,* 3 Parker, Cr. R., 681.　Another exception exists, when the commission of a different offense discloses a motive for the commission of the offense charged; *e. g.,* the defendant's adultery with a wife may be relevant on his trial for the murder of her husband.　*Com.* v. *Ferrigan,* 44 Pa., 386.　Another, when one crime may have been perpetrated for, or as a means of committing, concealing, or escaping from another.　*Rex* v. *Clewes,* 4 Car. & P., 221.　Exception is made also when the acts charged to be criminal may reasonably be innocent, and are criminal only when performed with a certain intent, or with the knowledge of a certain fact.　In such case other acts of the defendant, though criminal, may be deduced to prove that he had such specific intent or knowledge.　In this category stand the decisions with regard to the utterance of counterfeits, the making of false pretenses, the reception of stolen goods, the publication of libels, and probably occurrences claimed by the defendant to be accidental.　Whart. Crim. Ev., sec. 50, and notes; *Reg.* v. *Francis,* L. R., 2 C. C., 128."

The two offenses here — rape and larceny — are entirely separate and distinct offenses, having no logical connection or dependence one upon the other.　The proof of the larceny furnished no motive for the commission of the other offense, and, if the appellant had been indicted for larceny, it would not have been competent to allow proof of the rape.　They are separate and distinct offenses in the eye of the law, and were so, as a matter of fact, on this occasion.　It will be noted that proof of the other crime should not be admitted for the purpose simply of identifying the defendant, unless it be absolutely necessary for his identification.　The learned circuit judge, when the objection was first made, sustained it, but later on overruled it, and permitted the testimony to go to the jury.　We presume that he must have done this for the purpose of identifying the defendant, but it was wholly unnecessary for this purpose, since

the other proof in the case abundantly identified the defendant. The testimony of the prosecutrix and of Rose Ann Warner as to the clothes he had on fully identified him.

*Reversed and remanded.*