CRAFT *et al. v.* STATE.

(Division A. Nov. 18, 1929.)

[124 So. 488. No. 28276.]

L. K. Saul, of Ellisville, for appellants.

**Forrest B. Jackson,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

These appellants were indicted, tried, convicted, and sentenced on a charge of the unlawful manufacture of in-

toxicating liquors; the sentence imposed upon each being a term of two years in the state penitentiary.

Freeman, the state witness, some time in January, 1929, while walking along a certain creek, saw all of the appellants on or near the bank of the creek a short distance from the field and farm of J. C. Craft, father of the Craft brothers and father-in-law of Johnson. They were engaged in the act of distilling intoxicating liquor, using a large can which was capable of holding about fifteen gallons, and a water trough through which a pipe extended; the pipe was attached to the can. The fire was placed under the can by Make Craft; George Craft was putting water in the trough through which the pipe or coil extended; Asa Craft and Johnson were engaged in taking off the whisky as it ran from the pipe. The witness, Freeman, was around the place for some time, went away, and came back about an hour later, and the appellants were still engaged in manufacturing liquor.

Eli Whittington testified that subsequent to this occurrence, about the 1st of May, he saw or smelled some whisky or beer near the creek near the Craft place.

Gunter testified that he was on that creek on some point not definitely fixed, and saw a can and a trough, and the can was as large as a thirty-gallon barrel. The can or barrel was covered by the top of an oak.

Will Rainey a deputy sheriff said that he and some other deputies, acting on information, and without a search warrant, were on Nichol's creek about the distance from the field as testified to by Freeman, some two or three months subsequent to the transaction Freeman saw, and found a trough with a hole in each end of it, a barrel with some sour corn in it, and evidences that some one had been using the various utensils in manufacturing liquor, but they did not see anybody around the place. The testimony of the witnesses Gunter, Whitting-

ton, and Rainey was admitted over the objection of the appellants. This evidence tended to establish that some one was in possession of a still which had been used in the manufacture of liquor, but the articles described did not agree with the description given by the state witness, Freeman, nor was the location as fixed by these witnesses identified as being the same as that designated by Freeman. We think this evidence should not have been permitted to go to the jury, and that the objection interposed by the appellants should have been sustained. It was evidence of other and distinct crimes remote in time and not connected with the crime of manufacturing liquor upon which this prosecution rested.

In a criminal trial the evidence offered should be relevant to the issue presented by the indictment and the plea of not guilty. It is a general rule that evidence of other crimes than the one for which the accused is being tried is inadmissible. There are exceptions to this general rule, one of which is to prove the identity of the accused, another, his knowledge, also malice and motive, and, if it be doubtful as to whether the evidence falls within any of the exceptions, then it is the duty of the court to exclude it. There is no question in this case raised by the evidence of the witness Freeman; he identifies the appellants as having been engaged in the particular crime of manufacturing liquor—a violation of section 2298, Hemingway's Code of 1927 (Laws of 1918, chapter 189). This other evidence was only corroborative of the fact that some one owned a still somewhere on Nichol's creek, and was not corroborative of the fact that on the day in January the appellants were engaged in manufacturing whisky at the time and place stated by the main state witness. The testimony offered by the other witnesses, named supra, did not in the slightest degree connect these appellants with the articles seen on the bank of this creek. It is true that competent evidence

will not be excluded simply because the evidence proves, or tends to prove, that the party was guilty of another and independent crime, but all the evidence in the case must be pointed at the crime charged in the indictment. See 16 C. J., p. 589; King v. State, 66 Miss. 502, 6 So. 188; Dabney v. State, 82 Miss. 252, 33 So. 973; Collier v. State, 106 Miss. 613, 64 So. 373; Hurd v. State, 137 Miss. 178, 102 So. 293; Parkinson v. State, 145 Miss. 237, 110 So. 513; Willoughby v. State (Miss.), 122 So. 757.

The efforts of the state, by the testimony of these other witnesses, was to bolster up the main state witness, Freeman. It was incompetent evidence, because some one perhaps was committing a crime in having certain articles which might or might not have been used in the manufacturing of intoxicating liquor. We think this was reversible error.

There are other assignments of error, but, as the case must be tried again, we do not think they are of such importance as to require our serious consideration.

Reversed and remanded.