## BROWN v. STATE.

(In Banc. Nov. 5, 1934. Suggestion of Error Overruled Dec. 3, 1934.)

[157 So. 363. No. 31451.]

**Ed. J. Antoon** and **A. H. Bell,** both of Greenwood, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **E. J. Antoon** and **A. H. Bell**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was indicted, tried, and convicted for a violation of the statute, chapter 328, Laws 1932, which makes robbery by the exhibition of a deadly weapon a capital offense. The jury fixed the penalty at death, and appellant assigns as error, not that he was unjustly convicted, but that certain testimony was erroneously introduced, as contended by appellant, which influenced the jury to impose the death penalty instead of imprisonment in the penitentiary.

There were no eyewitnesses to the robbery except the person robbed and the robber. The person robbed testified that he was held up and robbed at the point of a gun exhibited in a threatening manner by a negro who was masked. He said that he had never seen the robber before and did not know him, and because of the mask he was not able positively to identify appellant in court. The state then introduced evidence of a confession made by appellant; but if the state had there rested, and appellant had taken the stand and repudiated the confession, the state's case would have been in some jeopardy because of the failure of the prosecuting witness to make his identification positive.

The state, therefore, introduced a witness who testified that he was in the neighborhood of the robbery, and having heard of it, he went at once to the reported scene, arriving there within a few minutes; and in the woods about fifty yards from the place where the robbery was reported to have occurred, he found appellant; and that when he saw appellant, the latter had a rifle to his shoulder pointed at the witness, and that witness then pulled his pistol and called to appellant to put his rifle down, which was not done, and almost immediately both the witness and appellant shot, a bullet from the rifle striking the witness and breaking his leg; that thereupon the witness called for help and appellant ran away through the woods.

Appellant urges that the admission of the above testimony was error, because it was of a separate and distinct crime. We think it was competent because it was material upon the identity of the robber, and it threw light upon the question of his guilt of the robbery. Rosetto v. City of Bay St. Louis, 97 Miss. 409, 52 So. 785. The fact that appellant was found within a few minutes in a short distance from the place of the robbery was some evidence that he was the guilty party; but the further fact that as soon as seen there he was in readiness to shoot the witness who thus saw him, throws a flood of light upon the issue of his identity as the guilty party, for if he had simply happened to be near the place but had been guilty of no crime there, it is far from probable that he would have proceeded at once to level his gun upon and to shoot the witness who there found him.

The state also introduced the sheriff and proved the flight of appellant and his subsequent capture, and while not insisting that evidence of flight is not, as a general rule, admissible, appellant complains that the evidence here was of a flight from the subsequent crime, and not from the robbery. But the two crimes were so closely

related in point of time that the flight from one could not be shown without showing the other, unless the court were obliged to exclude any evidence at all of the second crime; and this we have already discussed.

Affirmed, and Friday, December 14, 1934, is fixed as the date for the execution of the sentence.

Affirmed.

**Anderson, J.,** delivered a dissenting opinion.

The general rule that evidence of another offense is not admissible against the accused should be strictly enforced—should never be departed from, except under conditions which clearly come within one of the exceptions to the rule. 16 C. J., pp. 587, 588, sec. 1133; Willoughby v. State, 154 Miss. 653, 122 So. 757, 63 A. L. R. 1319; Craft v. State, 155 Miss. 465, 124 So. 488; Baygents v. State, 144 Miss. 442, 110 So. 114; Dabney v. State, 82 Miss. 252, 33 So. 973.

One of the exceptions is for the purpose of showing the identity of the criminal agent, where the corpus delicti has been proven. There was no trouble about that in this case; it was wholly unnecessary to introduce any evidence of the identity of the criminal agent, in view of the fact that it had been amply proven and without contradiction not only by appellant's confession but by Gaines, a witness for the state. In addition to that, appellant, as a witness in his own behalf, admitted that he was the person who robbed Fiume. In such a case, I am unable to understand how evidence of the subsequent crime was admissible. The subsequent crime proven was a grave one—shooting with intent to kill Gaines—which took place after the robbery was entirely over and the robber and the person robbed had separated and were out of the presence of each other.

Rosetto v. City of Bay St. Louis, 97 Miss. 409, 52 So.

785, has no application; in that case the other crime occurred while the defendant's house was being raided as a gambling house. The charge against him was for keeping a gambling house. The evidence tended to show that at the time of the raid gambling was actually going on. While the raid was being made the defendant pointed his gun at the officers; this was the separate crime proven by the state. The court held that it was admissible not to show the guilt of the defendant of that offense, but as throwing light on the question of his guilt of the crime with which he was charged. The two crimes were being committed at the same time. That is not true here.

The statute under which the appellant was convicted, chapter 328, Laws of 1932, is in this language:

"Be it enacted by the Legislature of the state of Mississippi, That every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be punished by death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years."

It will be observed that the fixing of the death penalty is left to the jury. Appellant is a negro, the man he robbed is a white man. The fact that appellant had shot another white man, Gaines, breaking his leg, for which he had been tried and sentenced to the penitentiary for ten years, is bound to have been a potent influence with the jury in fixing the penalty. The statute is new in this state. Section 28 of the Bill of Rights provides that "cruel or unusual punishment shall not be inflicted, nor excessive fines be imposed." The constitutionality of the

statute is not raised. I express no opinion on the question, however, it may be a serious question.