CRAFTON v. STATE.

(In Banc. May 27, 1946.)

[26 So. (2d) 347. No. 36125.]

**J. H. Brown**, of Oxford, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant was convicted of having in his possession unlawfully an integral part of a still, to-wit, what is called a worm, and sentenced to the state penitentiary for two years under Section 2632, Code 1942.

He contends on this appeal that the evidence is insufficient to show that he was in possession of said part

and that he should be discharged. On this question the evidence of the State is that the sheriff and two deputies, acting under a search warrant, about two or three o'clock in the afternoon, went to the home and premises owned by appellant; that the only persons there were the wife of appellant and her two children, three and six years of age; that they searched the home and found between a mattress and a featherbed a one-half gallon fruit jar partly filled with what is called corn, homemade, moonshine whiskey; that the residence faces south and the hog lot is some seventy-five to eighty yards to the east thereof and between the residence and the hog lot are located a garden and a barn. The hog lot is under fence. The officers found this worm, consisting of four parts and disconnected, lying on the ground under some bushes in the hog lot. It had rained the night before and there were fresh tracks of a truck or automobile which had driven to and from the place where the worm was found, from which the officers surmised the main part of the still had been carried away but the worm had been left after the rain the night before. A road runs east and west just south of the residence. The officers followed human foot prints leading from the residence across the road some forty yards to a hollow log, in which log they found another one-half gallon fruit jar full of the same kind of whiskey. The officers furthermore testified that there was only one bed in the residence. This evidence made out a prima facie case against appellant who was the owner of the premises where the part of the still was found. Wylie v. State, 151 Miss. 897, 119 So. 825; Garland v. State, 165 Miss. 136, 146 So. 637; Goss v. State, 187 Miss. 188, 192 So. 494; Williamson v. State, 191 Miss. 643, 4 So. (2d) 220; Quick v. State, 191 Miss. 179, 2 So. (2d) 812, certiorari denied 317 U. S. 631, 63 S. Ct. 52, 87 L. Ed. 509.

As against this the wife of appellant testified that her two minor brothers lived a part of the time at her home and that one of them, seventeen years of age, was there on the occasion of this search of the premises; that her

stepfather and her mother also stayed at her home at times, but that neither was there on this occasion. She further said that the appellant had been gone some four or five days and that he said he was going to visit his sister. She said further that they had four beds in the residence. She was the only witness for the appellant except that some of her neighbors did testify there were three or four beds in the home. We think it was a question for the jury whether the testimony offered by the defendant overcame the presumption of his possession of this integral part of a still found upon the premises owned by him under the foregoing circumstances.

Appellant objected to the testimony about finding the two jars of homemade whiskey. He urges that his possession of this whiskey, if he did possess it, was a separate and distinct crime from his possesion of the integral part of a still, and that evidence of a finding of the whiskey was incompetent and prejudicial to him. It is correct, as stated in King v. State, 66 Miss. 502, 6 So. 188, 189, that "the general rule is that the issue on a criminal trial, shall be single, and that the testimony must be confined to the issue, and that on the trial of a person for one offense the prosecution cannot aid the proof against him by showing that he committed other offenses." The Court there said that the observance of this rule is necessary to prevent injustice and oppression and that its disregard tends to divert the minds of the jury from the true issue and to prejudice and mislead them; that while the accused may be able to meet a specific charge he cannot be prepared to defend against all charges that may be brought against him. But the Court further said in that case that there are exceptions to this rule and it set out a number of them, one of which was that evidence of other transactions may be introduced "to identify the offender, . . . and there is apparent relation or connection between the act proposed to be proved and that charged . . ." We think the evidence in this case comes within the quoted exception. See Bradley v. State,

134 Miss. 20, 98 So. 458; Floyd v. State, 166 Miss. 15, 148 So. 226; Reynolds v. State, 136 Miss. 329, 101 So. 485. The distilling of whiskey by appellant had a direct bearing upon whether he was the person who possessed the integral part of a still for that purpose and his possession of the distilled homemade whiskey at the same time he possessed the part of a distillery had a bearing upon whether he was engaged in that business by the use of a distillery. We think there was sufficient pertinency and connection between appellant's possession of this whiskey and his possession of the part of a distillery to make the whiskey-possession evidence competent under the circumstances of this case.

Affirmed.