403 So.2d 1271 (1981)
Tommy B. TUCKER
v.
STATE of Mississippi.
No. 52829.
Supreme Court of Mississippi.
September 16, 1981.
*1272 Terry Burnet, St. Louis, Mo., for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and BROOM, JJ.
BROOM, Justice, for the Court.
Possession of cocaine is the offense for which the defendant Tucker was convicted in the Circuit Court of Oktibbeha County and sentenced to three years imprisonment plus a $3,000 fine.[1] On his appeal here he argues that the state erroneously introduced (1) evidence of other crimes, (2) hearsay testimony as to what an informant told one of the investigative officers, and (3) evidence arising from search of the defendant's car thereby violating his Fourth Amendment rights under the United States Constitution. We affirm.
Officer McVey of the Starkville Police Department received a tip from a confidential informant concerning drug trafficking in the area. McVey had previously used the informer and found him to be reliable. Regarding the present case, the informer told Narcotics Officer McVey that one Tucker and Mitchell Prater, a local resident, were driving a beige or cream-colored 98 Oldsmobile bearing Missouri license plates and were selling marijuana from the car. The informer told him that the men had been at Pat's Pool Hall in Starkville around 4 p.m. Searching for the car, McVey found one matching the description and recognized Prater inside. McVey followed the car a while and called for help from the sheriff's office after the car crossed the city limits into the county.
In stopping the car which they had had under surveillance, Sheriff Bryan and a constable assisted McVey. As the sheriff approached the car, he saw Prater, the passenger in the back seat, move about and place his right hand inside his coat. Fearing that Prater might be drawing a weapon, the sheriff ordered him outside of the car; McVey ordered the two men in the front seat to put up their hands. Although no weapon was found on either of the three subjects arrested, Tommy B. Tucker, Mitchell Prater and Ira Joe Henry, a derringer was found on the ground outside the passenger side of the car. It was raining and sleeting at the time of the arrest, but the derringer was dry when found. While frisking the men, the sheriff saw two handrolled marijuana cigarettes in plain view on the floor of the car. At that point the three men were arrested for possession of marijuana and taken to the police station.
Narcotics Officer McVey got a search warrant for the car and for a motel room where two of the men were staying. Defendant Tucker was searched at the police station (his clothing was removed), and in the bib pocket of his overalls a white powdered substance was found which turned out to be cocaine. Inside Tucker's wallet a small quantity of cocaine was found. At trial, Tucker took the stand and denied possessing any cocaine.
The first assignment of error deals with the proposition that the state was allowed to erroneously introduce into evidence testimony concerning the defendant's participation in other unrelated criminal activities. He specifically points out several *1273 occasions during the trial concerning the testimony to which he now takes exception. His argument in this regard lacks persuasion because in each of the instances in question either no objection was made to the testimony, or an objection was sustained, or the testimony was an exception to the general rule that other offenses are inadmissible. Part of the evidence which the defendant argues was erroneously admitted was elicited by defense counsel on cross-examination of state witness McVey. The following is excerpted from the record.
Q. All right, then do you remember  you say that there was an envelope made that had "Tommy Tucker's Belongings" written on it on the list. Do you remember anything about cash; about two hundred and something dollars?
A. There was a  there was an amount of money that was taken off of Mr. Tucker, to which I also sent to the Crime Lab for analysis for fingerprints and this type, to show exchange of money between the occupants of the car.

Q. Do you know where that money is now?
A. Yes, sir.
Q. Does the Starkville Police or the Bureau of Narcotics have it?
A. No, sir.
MR. MOORE:
That's all the questions I have.
(Emphasis added).
Later, on re-direct examination of McVey, he was allowed to state, "I was trying to show the exchange of money between the occupants of the vehicle." We think that inasmuch as the defense initially brought out "exchange of money between the occupants of the car" the error, if any, is not reversible. Thus, the record fails to warrant reversal in this case although in the companion case, Tucker v. State, supra, a new trial is ordered because the error discussed in it is upon a different posture of the record. There reversal is ordered upon objectionable evidence brought out entirely by the state to which objection was properly made.
Next argument is the proposition that the defendant was denied the right of confrontation by the allowance into evidence of testimony consisting of what the confidential informer told Officer McVey concerning Tucker. This argument is unavailing because no objection was made to McVey's testimony. Baker v. State, 327 So.2d 288 (Miss. 1976).
Last argument asserted is that there was no probable cause for the search and seizure of the defendant's car. Our review of the evidence presented indicates that the defendant's vehicle was stopped as a result of a tip from an informer who had been found by past dealings to be reliable. The informer's tip was specific and detailed, and therefore upon the record as made the stopping of the vehicle as an investigatory stop was entirely proper. After stopping the vehicle, the officers had a right to make a limited protective search for weapons during which the sheriff observed the two marijuana cigarettes in plain view. It was then that the men were arrested, and subsequently upon a search warrant the car was searched. In this state of the record, we cannot logically rule that the search and seizure of the automobile was in any sense improper. Upon careful scrutiny of the record, and excellent briefs filed by the defendant and the state, affirmance is required.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] Tucker v. State, 403 So.2d 1274 (Miss. 1981) is a case involving the same facts, but the charge is possession of marijuana.