403 So.2d 1274 (1981)
Tommy B. TUCKER
v.
STATE of Mississippi.
No. 52827.
Supreme Court of Mississippi.
September 16, 1981.
*1275 Terry Burnet, St. Louis, Mo., for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and BROOM, JJ.
SUGG, Justice, for the Court:
Appellant was convicted in the Circuit Court of Oktibbeha County for possession of more than one ounce but less than one kilogram of marihuana, was sentenced to three years imprisonment, and fined $1,000.
In his first assignment of error, appellant contends he was denied his right to a fair trial because the prosecution injected evidence of another crime for which he was not on trial. In presenting its case in chief, the following evidence was elicited from the witness Charlie McVey:
Q. Charlie, I'd like to direct your attention back specifically to about six o'clock that evening, if you'd tell the court and jury what happened at that time?
A. Yes, sir, I received information from one of my informants who's credible and reliable and has given me information in the past that has led to convictions that at approximately four p.m. that same afternoon a subject by the name of Tucker and Mitchell Prater were in the pool hall with a brown paper sack containing a quantity of marijuana, and that they were riding in a beige or cream colored Oldsmobile 98 with Missouri tag on it. He advised me that they were dealing out of that vehicle and that they were also staying at the Best Western Motel, and 
Q. When you say "dealing" what do you mean Charlie?
A. Selling.
MR. MOORE:
Your honor, I object to that, and move for a mistrial; the defendant's not charged with selling marijuana.
THE COURT:
Overruled; the motion for a mistrial is overruled.
Appellant was on trial for possession of marihuana and was not charged with selling marihuana. The general rule is that testimony in a criminal trial should be confined to the charge for which an accused is on trial and the prosecution should not be allowed to aid the proof against the accused by showing he committed other offenses. In Sumrall v. State, 257 So.2d 853 (Miss. 1972) this Court stated:
It is contended by the appellant that the admission of this evidence was highly prejudicial and served no other useful purpose than to prejudice the jury against the defendant. It is a well-settled general rule that the issue on a criminal trial should be single and that the testimony should be confined to that issue and on the trial for one offense the prosecution should not be allowed to aid the proof against the defendant by showing he committed other offenses, even though of a like nature. Cummings v. State, 219 So.2d 673 (Miss. 1969); Ladnier v. State, 254 Miss. 469, 182 So.2d 389 (1966); Brown v. State, 224 Miss. 498, 80 So.2d 761 (1955); Pegram v. State, 223 Miss. 294, 78 So.2d 153 (1955); Floyd v. State, 166 Miss. 15, 148 So. 226 (1933).
There are well recognized exceptions to the foregoing rule which have been given due consideration, but it is our opinion that the evidence relative to the possession of marijuana by the defendant on the day after the alleged sale does not come within any of the exceptions. The alleged sale had been completed and the only connection the appellant was shown to have had with the sale was that he aided, abetted, and assisted in the sale. Under these circumstances, the fact that he had marijuana in his possession at another time served no purpose other *1276 than to prejudice the jury. The introduction of this evidence requires a reversal of this case. (257 So.2d at 854)
In response to the argument of appellant, the state relies on Gray v. State, 351 So.2d 1342 (Miss. 1977) and Riley v. State, 254 Miss. 86, 180 So.2d 321 (1965). In Gray we held:
It is well settled in this state that proof of a crime distinct from that alleged in an indictment is not admissible against an accused. There are certain recognized exceptions to the rule. Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge. See, Smith v. State, 223 So.2d 657 (Miss. 1969), cert. denied, 397 U.S. 1030, 90 S.Ct. 1274, 25 L.Ed.2d 542 (1970); Cummings v. State, 219 So.2d 673 (Miss. 1969), cert. den. 397 U.S. 942, 90 S.Ct. 954, 25 L.Ed.2d 122 (1970). (351 So.2d at 1345)
Proof that appellant was selling marihuana from his automobile before marihuana was found in his motel room does not fall within any of the recognized exceptions to the general rule and requires a reversal of this case.
Appellant also assigns several other errors and because we are remanding this case for a new trial, it is necessary to rule on the admissibility of the evidence obtained as the result of the search warrant in this case.
Acting under the authority of a search warrant issued by Justice Court Judge James A. Mills, county and city officers seized a quantity of marihuana in Room 162 of the Best Western Motel located in Starkville. Appellant's motion to suppress was overruled.[1] On appeal, appellant contends the evidence should have been suppressed on two grounds. First, appellant maintains the underlying facts stated in the affidavit for the search warrant are insufficient to cause a reasonably prudent man to believe that drugs were located on the premises to be searched; second, the evidence presented to the justice court judge for the issuance of the search warrant was seized unlawfully in violation of defendant's Fourth Amendment rights.
Charlie McVey, a police officer for the city of Starkville, made the affidavit for the search warrant and the underlying facts in the affidavit are as follows:
On Feb. 9, 1980 Charley McVey received information from a reliable informer who has given Charley information in the past that has lead to convictions. His information was that a black male named Tucker who was driving a Olds car with Missouri tags that this Tucker sub. was dealing drugs out of this car with the help of a Starkville man by the name of Mitchell Prater.
This car was stopped on Hwy 82 east 2/9/80 several hand rolled cig. were found in the car and a 38 cal. derrenger was found outside the right front door and the window was down. Three subjects were placed under arrest. The Passenger had two small bags of green veg. matter and the driver has several small foil pouches of white sub. that a field test came out positive for cocaine.
The two sub. that had contraband on them are staying in room # 162 Best Western Motel Hwy 82 Starkville, Miss.
The informer also told Charley that Tucker had several pounds of marijuana.
In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1965), the United States Supreme Court held that some of the underlying facts and circumstances from *1277 which an officer concludes that probable cause exists for issuance of a search warrant must be stated in the affidavit, so that these inferences may be drawn by "a neutral and detached magistrate."
In a later case, United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) the Court recognized that affidavits for search warrants are normally drafted by officers involved in a criminal investigation and statement of underlying facts contained in search warrants should be viewed by magistrates and courts in a common sense and realistic fashion. The Court stated:
These decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. (380 U.S. at 108, 85 S.Ct. at 746, 13 L.Ed.2d at 689)
We are of the opinion that the statement of underlying facts in the affidavit by McVey pass muster. McVey stated in his affidavit that a reliable confidential informer[2] told him that Tucker had several pounds of marihuana, was driving an Oldsmobile automobile with Missouri tags and was dealing drugs out of the car with the help of a local man named in the affidavit, that the car was stopped and three occupants were placed under arrest after finding several hand rolled cigarettes in the car and a .38 caliber Derringer outside the car. As a result of the search, cocaine was recovered from the driver and two small bags of green vegetable matter from the passenger and the two that had contraband on them were staying in Room 162 at the Best Western Motel in Starkville.
The information contained in the search warrant was sufficient to justify the inference by the justice court judge that probable cause existed for issuance of the search warrant.
When the automobile occupied by Tucker, Henry and Prater was stopped, the automobile was not searched but was taken to the Starkville Police Department and impounded until a search warrant for the automobile could be obtained. McVey and Dolph Bryan, Sheriff of Oktibbeha County, appeared before Justice Court Judge Mills and signed an affidavit for a search warrant for the automobile, and McVey signed an affidavit for a search warrant for the motel room at that time. The justice court judge had before him at the same time the two affidavits. The underlying facts in the affidavit for the search warrant for the automobile follow:
On Feb. 9, 1980, Charlie McVey received information from a credible and reliable informant who has given information in the past that has led to conviction more than one time, that a Beige or Cream colored 98 Oldsmobile bearing a Missouri tag driven by a B/m by the last name of Tucker, had in his possession, a quantity of marijuana to wit in excess of an ounce. The informant further stated that a B/m by the name of Mitchell Prater was helping Tucker distribute the marijuana. The informant stated that Tucker was staying at the Best Western Motel at approximately (time illegible) hrs. Charlie McVey observed the 98 Oldsmobile bearing the Missouri plates on Highway 82 East in the Oktibbeha County. With the assistance of okt. 1, okt. 6 *1278 and Sgt. Agnelty, the vehicle was stopped. Sheriff Bryan upon walking up to the passenger window immediately noticed two handrolled cigarettes laying on the passenger floor, a 38 Deringer was found by Sheriff Bryan on the ground right beside the vehicle. All three occupants were transported to the Okt. County jail, and searched. Five small tinfoil containers were found on the driver in his coveralls by Robert Howell. Deputy Jesse Oden found two Five dollar bags of marijuana on the front passenger Ira Herly. The above vehicle was then taken to the Starkville P.D. and impounded until a warrant could be obtained.
We are of the opinion that the justice court judge could consider the underlying facts in both affidavits in determining whether probable cause existed for the issuance of the search warrants. When both affidavits are considered together there is no question but that the justice court judge reached the proper conclusion and determined that probable cause existed for issuance of the search warrants. However, we are of the opinion and hold that the underlying facts stated in the affidavit for the search warrant for the motel room, standing alone, were sufficient to justify issuance of the search warrant for the motel room without reliance on the additional facts contained in the affidavit for search of the automobile.
In support of the second ground upon which appellant based his motion to suppress, he argues that some of the evidence presented to the justice court judge for the issuance of the search warrant, was seized from him unlawfully in violation of his Fourth Amendment rights. Appellant's automobile was stopped by officers acting on information received from a reliable informer which led to the seizure of cocaine and a key to Room 162 of the Best Western Motel from appellant's person. In Tucker v. State, 403 So.2d 1271 (Miss.), decided this date, we affirmed the conviction of Tucker for possession of the cocaine taken from him holding there was probable cause to stop appellant's vehicle and search him. Details of the circumstances surrounding the stopping of the automobile, arrest, and search of appellant are stated in No. 52,829 and will not be repeated here. Suffice it to say, the cocaine and motel key were lawfully seized by the officers so the holding of the United States Supreme Court in Wong v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962) is not applicable to the facts of this case.
Appellant also argues that he was denied his right to confront and cross-examine a witness against him, as guaranteed by the Sixth Amendment of the United States Constitution and Section 26 of the Mississippi Constitution of 1890, by the introduction of hearsay by McVey when he related the statements made by the informer to him. This argument would be well taken under our holding in McVey v. State, 355 So.2d 1389 (Miss. 1978) and Sisk v. State, 290 So.2d 608 (Miss. 1964) except for the fact appellant did not object to the hearsay testimony at his trial on the ground that the statements were hearsay. Absent such objection, this assignment of error is without merit.
Appellant also contends that there was insufficient evidence to show that he possessed the marihuana found at the Best Western Motel. We are of the opinion that the evidence made a jury question on constructive possession of the marihuana by appellant.
Appellant also argues that he was denied the right to a fair trial because the state elicited testimony from Ira Henry that he had been convicted for the same offense for which appellant was on trial. Appellant introduced Ira Henry as his witness and Henry claimed that the marihuana found in the motel room belonged to him and that appellant did not know the marihuana was in the room. Under this set of circumstances, it was not error for the state to show that Henry had been convicted of possession of marihuana on Friday of the preceding week and that Henry did not claim the marihuana at his trial.
We reverse and remand for a new trial because the state introduced evidence of *1279 another crime for which appellant was not on trial.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] When the motion to suppress in this case came on for hearing, the motions to suppress in causes numbered 9,999, 10,001 and 10,002 were consolidated for hearing by agreement. Ira Henry was charged with possession of marihuana in No. 9,999, and Tucker was charged with possession of marihuana in No. 10,001 and possession of cocaine in No. 10,002.
[2] The reliability of the informer is not questioned by appellant, and is admitted in his brief at page 22.