463 So.2d 1078 (1985)
Larry D. WILLIAMS
v.
STATE of Mississippi.
No. 54548.
Supreme Court of Mississippi.
January 30, 1985.
Bernard Gautier, Thomas Fortner, Pascagoula, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Jackson County, Mississippi wherein the appellant, Larry Williams, was indicted and tried for the crime of rape. Upon conviction he was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. Aggrieved with the lower court's holding, he has perfected an appeal to this Court.
In the early morning hours of October 15, 1981, a resident of the Chateau Tourraine Apartments was awakened by a black male who held a sharp object to her neck and threatened her with her life as he proceeded to rape her. The victim's roommate, who was in a nearby bedroom of the two-story apartment, was awakened by a "real vile odor." Through the air conditioning vent she overheard the word "kill" repeated several times. Realizing something was awry, she went into the bathroom and began flushing the commode.
The victim warned her attacker that her roommate was up and was armed with a *1079 gun. He got up and stood at the end of her bed, fixed his cut-off pants and proceeded toward the stairs. Both women locked themselves in the victim's room and alerted a neighbor to phone the police. When the police arrived, the victim identified her attacker as a black male in his early twenties of slender built and approximately 5' 4" to 5' 7" tall and wearing nothing but light colored cut-off shorts. He had short hair and a moustache.
A young black male matching her description was found in a nearby canal submerged in the water; his nose, eyes and top of his head exposed.
Shortly thereafter the victim was called to the police department in Pascagoula to view the possible suspect in the case. She observed the appellant through a six-inch hole in a door leading to a room where the appellant was detained. She immediately identified him as the man who raped her.

(1) THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADMITTING THE IN-COURT IDENTIFICATIONS OF THE DEFENDANT BY THE WITNESSES FOR THE STATE.
We have carefully considered the above assignment of error and find it wholly without merit. See Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); York v. State, 413 So.2d 1372 (Miss. 1982);

(2) THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADMITTING EVIDENCE OF ANOTHER CRIME OF THE DEFENDANT.
Over defense counsel's objection, Bruce Allen Garret was allowed to testify about a burglary which occurred prior to 2:00 a.m. in the morning of October 15, 1981 at his residence, Apartment 5 of the Chateau Tourraine Apartments, the same apartment complex where the victim lived.
The court permitted Mr. Garret to testify for the purpose of identifying the appellant and cautioned both sides not to go into the elements of the crime at the Garret apartment other than to establish the appellant was present in that area.
Garret testified he awoke to find a black male wearing nothing but cut-offs crawling on his bedroom floor. He observed the man crawl on the floor in various areas of the room and noticed a distinct odor emanating from the person's body which Garret said was "very difficult to describe."
The appellant argues that the evidence of the burglary at the Garret apartment when considered along with the other evidence might have led the jurors to speculate the appellant committed the crime at the rape victim's apartment. He further states that the identity of the appellant was unnecessary as the rape victim clearly identified the appellant as being her attacker.
The general rule is that the State may not introduce evidence of another crime separate and distinct from the crime charged and for which the accused is being tried. Lanier v. State, 450 So.2d 69 (Miss. 1984). There are however exceptions to this rule. Proof of another crime is admissible where the offense charged and that offered to be proved are so inter-related as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences; when necessary to identify the defendant; where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged; where the accusation involves a series of criminal acts which must be proved to make out the offense or when necessary to prove scienter or guilty knowledge. Neal v. State, 451 So.2d 743 (Miss. 1984).
We find that the testimony offered by Garret with relation to a crime separate and distinct from that which the appellant was being tried does not fall into any of the enumerated exceptions. In the early case of Dabney v. State, 82 Miss. 252, 33 So. 973 (1903), the two crimes involved were rape and larceny and this Court stated: "They are separate and distinct offenses in the eye of the law, and were so, as a matter of fact, on this occasion. It will be *1080 noted that proof of the other crime should not be admitted for the purpose simply of identifying defendant, unless it be absolutely necessary for his identification." (Emphasis added) (82 Miss. at 255, 33 So. 973).
In the present case, we find it was unnecessary to introduce the testimony of Garret for the purpose of identifying the appellant as the victim definitely identified him as her attacker as well as her roommate identifying his voice as that of the man she heard when the rape took place. Had the appellant testified himself or other witnesses in his behalf that he was not at or near the scene of the crime, then it would have been proper to introduce such testimony as offered by Mr. Garret for the purpose of impeachment.
For the above reason, this cause is hereby reversed and remanded for a new trial.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.