472 So.2d 370 (1985)
William DONALD
v.
STATE of Mississippi.
No. 55586.
Supreme Court of Mississippi.
June 5, 1985.
Rehearing Denied July 17, 1985.
*371 Mark S. Duncan, Philadelphia, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
SULLIVAN, Justice, for the Court:
This is an appeal from a criminal conviction in the Circuit Court of Neshoba County, Mississippi. WILLIAM DONALD was convicted of uttering a forged check and sentenced to serve ten years in the custody of the Mississippi Department of Corrections.
Donald appeals, assigning as error:
I. Evidence of other crimes, to-wit: other utterings of forgeries, allegedly committed by the appellant, were erroneously admitted into evidence at trial; and
II. The verdict was against the overwhelming weight of the evidence.
On June 6, 1983, Donald allegedly drove to the Peoples Bank of Mississippi, Valley View Branch, in Philadelphia, Mississippi, drive-up window, and presented a check to the teller, Linda Cutrer. The check was made out to "Cash" in the amount of $150. The check was personalized in the name of James B. Brewer, and a signature purporting to be that of James B. Brewer was signed on the check. Mrs. Cutrer called for approval on the check since she did not know Brewer personally, and gave appellant $150 cash.
Besides this occurrence, for which the appellant was indicted, the state also elicited from Cutrer that the appellant had cashed several other forged checks prior to and subsequent to the occurrence for which the appellant was indicted. The teller stated that appellant drove up on each of these occasions in the same blue car and presented a check signed "James B. Brewer" in the same way as he had done with the check on June 6. The identification of appellant as the person who presented these other forged instruments was objected to by defense counsel. The objection was overruled.
A second teller, Mary Eakes, testified that she also saw William Donald doing business at the drive-up window with Linda Cutrer on several occasions during the months of May and June, 1983. She also stated that on one occasion Donald presented her with a check inside the branch bank, made out to "Cash" in the amount of $30, purportedly signed by James B. Brewer.
In his defense, appellant presented one alibi witness, who testified that appellant was working with him the entire day of June 6, 1983, in Attala County, roughly 25 to 30 miles from Philadelphia. This witness testified that Donald did not leave the job site at any time during the day. He also testified that Donald rode to work with *372 him that day, and that he had never seen him driving any vehicle of his own.

I.

DID THE TRIAL COURT ERR IN ALLOWING PROSECUTING WITNESSES TO TESTIFY ABOUT OTHER FORGERIES FOR WHICH THE APPELLANT WAS NOT CHARGED?
Yes. The well settled rule in Mississippi is that proof of a crime distinct from that alleged in an indictment is not admissible against an accused. Mason v. State, 429 So.2d 569 (Miss. 1983); Tucker v. State, 403 So.2d 1274 (Miss. 1981); Allison v. State, 274 So.2d 678 (Miss. 1973); Tobias v. State, 472 So.2d 398 (Miss. 1985). Our cases do recognize certain limited exceptions to this rule. Crafton v. State, 200 Miss. 10, 26 So.2d 347, 348 (1946); Hicks v. State, 441 So.2d 1359, 1360 (Miss. 1983); Pierce v. State, 213 So.2d 769 (Miss. 1968).
The state asserts that the admission of other crimes evidence in this case fits within the exceptions to the rule that other crimes evidence is inadmissible. The state quotes from Gray v. State, 351 So.2d 1342 (Miss. 1977), wherein the Court stated:
It is well settled in this state that proof of a crime distinct from that alleged in an indictment is not admissible against an accused. There are certain recognized exceptions to the rule. Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge.
351 So.2d at 1345. Appellee also cites Crafton v. State, 200 Miss. 10, 26 So.2d 347 (1946); Brown v. State, 171 Miss. 157, 157 So. 363 (1934); Hicks v. State, 441 So.2d 1359 (Miss. 1983); Blair v. State, 445 So.2d 1373 (Miss. 1984); Davis v. State, 431 So.2d 468 (Miss. 1983); Johnson v. State, 416 So.2d 383 (Miss. 1982); Taylor v. State, 398 So.2d 1341 (Miss. 1981). In these cases cited by appellee, evidence of other crimes was an integral part of the prosecution's identification of defendant. See also, Saik v. State, 387 So.2d 751 (Miss. 1980).
Proof of identity is an exception to the general rule that proof of other crimes is inadmissible, but in this case there was no need to admit evidence of other crimes to prove the identity of Donald. The state engaged in tactical overkill. The testimony was developed by the state that Donald had come to the bank on several occasions and had cashed several checks. The state then introduced the forged check that appellant passed on June 6, 1983. No more proof was needed to support the witness's identification of Donald. Donald was a regular customer during the months of May and June, and for that reason was remembered by the tellers. There was no need to introduce the other forged checks uttered by the appellant during this time period. The introduction of this evidence, over objection by appellant, constitutes reversible error.
This legal principle has recently been restated by this Court in Tobias v. State, supra. Tobias controls the legal principles involved here.
The state further argues that Donald is procedurally barred from arguing this assignment of error because he failed to object at trial and failed to include this objection in his motion for a new trial. This argument is clearly without merit. As soon as the prosecutor attempted to elicit from the bank teller that Donald was the one who had cashed several other forged checks, appellant registered an objection. The objection itself was discussed at the bench and off the record, but it is obvious why the objection was made. When it is apparent from the circumstances of the trial what the basis of an objection by counsel is, it is not necessary that the grounds for the objection be stated with specificity. Murphy v. State, 453 So.2d *373 1290 (Miss. 1984). Having made an objection at trial, the objection was preserved for appellate purposes despite its failure to appear in appellant's motion for a new trial. Jackson v. State, 423 So.2d 129 (Miss. 1982); Colson v. Sims, 220 So.2d 345, 346, fn. 1, (Miss. 1969).
This assignment has merit and the conviction must be reversed and the cause remanded to the circuit court.

II.

WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
Because of the result reached in assignment number I, it is unnecessary to make a detailed study of this assignment of error. Suffice it to say that there was sufficient evidence, even excluding the improper evidence submitted by the state as to other forgeries, to convict the defendant, which makes it even more curious that the state offered the evidence of other crimes. Witnesses positively identified Donald as the person who passed the bad check on June 6, 1983. Donald offered one witness who testified that Donald was in another county the entire day of June 6, 1983. It is a firmly established proposition that the trier of fact has the responsibility of weighing and considering conflicting evidence and in judging the credibility of witnesses. Bingham v. State, 434 So.2d 220, 226 (Miss. 1983), and other cases too numerous to cite.
There is no merit to the second assignment of error.
REVERSED AND REMANDED.
PATTERSON, C.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
ROY NOBLE LEE, and WALKER, P.JJ., dissent.
ROY NOBLE LEE, Presiding Justice, dissenting:
I think the evidence of other forgeries (uttering) admitted by the lower court in this case to prove identity of William Donald was properly admitted and did not constitute reversible error. The same question was presented in Tobias v. State, 472 So.2d 398 (Miss. 1985), and held to be reversible error.
I adopt my dissent in Tobias, supra, as the dissent in this case.
WALKER, P.J., joins this dissent.