ROBERTSON, Justice,
concurring in part, dissenting in part:
I concur in Sections I through IV of the majority opinion. Because the accused has been indicted for rape only to find the prosecution spending as much of its time proving that he committed murder — highlighted by the pathologist’s testimony that the victim was stabbed 41 times, I dissent from Section V.[1] I would reverse and remand.
Specifically, David Michael McFee argues that the trial court erred when it allowed the prosecution to prove and argue that Gunter had been stabbed 41 times. Related to this, McFee assigns error in the trial court’s refusal to grant a mistrial as a result of the district attorney’s closing argument that “the only thing that would put Rose Gunter’s spirit to rest would be the conviction of the defendant for the crime he had committed.” I would couple these assignments of error with two other related assignments wherein McFee complains, in effect, that the prosecution was allowed to (re)try him for murder, not rape, although upon his plea of guilty McFee was already serving a sentence of life imprisonment for the murder of Rose Gunter.
The general rule in this state, enunciated in a variety of contexts, has heretofore[2] been that the issue on a criminal trial should be single and that the evidence should be limited to what is relevant to the single issue. Bolin v. State, 489 So.2d 1091, 1092 (Miss.1986); Brown v. State, 483 So.2d 328, 330 (Miss.1986); Crafton v. State, 200 Miss. 10, 14, 26 So.2d 347, 348 (1946). Evidence of other criminal activity on the part of an accused is inadmissible where the prior offense has not resulted in a conviction.[3] Tobias v. State, 472 So.2d 398, 400 (Miss.1985); Donald v. State, 472 So.2d 370, 372 (Miss.1985); Hughes v. State, 470 So.2d 1046, 1048 (Miss.1985); Tucker v. State, 403 So.2d 1274, 1275 (Miss.1985); Eubanks v. State 419 So.2d 1330 (Miss.1982).
Where the prior offense has resulted in a conviction, evidence thereof is ordinarily admissible for impeachment purposes only. Washington v. State, 478 So.2d 1028, 1033 (Miss.1985); Johnson v. State, 452 So.2d 850, 854 (Miss.1984). The fact of the conviction is all that the party attacking the credibility of the witness is allowed to show. No facts and circumstances may be shown except by way of explanation by the party whose credibility is attacked. Gallion v. State, 469 So.2d 1247, 1249 (Miss.1985). We have never held that prior convictions in this manner were admissible on grounds that they were evidence relevant to the matter of whether the accused was guilty of the offense charged in the indictment.
The reasons for the general rule have been often stated. Eighty-eight years ago, in Herman v. State 75 Miss. 340, 22 So. 873 (1898) we stated:
This rule is founded in reason, for to allow the introduction of evidence of other and distinct offenses would confuse and mislead the jury as to the real issue to be determined, would prejudice the *139 prisoner by irrelevant matter, and would require him to meet charges foreign to the specific offense laid to his charge.
75 Miss, at 345, 22 So. at 873. This statement has been approved in May v. State, 199 So.2d 635, 641 (Miss.1967).
More recently, a court unanimous on this issue gave us the rationale of the rule
that evidence of other crimes may tend to prejudice the minds of the jurors or confuse them as to the real issues on trial.
Caldwell v. State, 443 So.2d 806, 810 (Miss.1983), reversed on other grounds; 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). We have made it clear that we will reverse where the jury was presented evidence
of other crimes and immorality [which] destroyed the possibility of a fair trial upon the charge in the indictment....
Sumrall v. State, 272 So.2d 917, 919 (Miss.1973).
The substantial evidence presented below regarding the murder of Rose Gunter, when the accused was on trial for rape, is precisely the sort of evidence the rule does, and was intended to, exclude. The prosecution here was allowed to charge its case under the instant indictment with detailed proof and impassioned argument that Gun-ter had been brutally murdered. This under our law the prosecution simply may not do. Tucker v. State, 403 So.2d at 1275; Crafton v. State, 200 Miss, at 14, 26 So.2d at 348 (1946).
Notwithstanding these considerations, the majority proceeds upon the basis of our well established exception to the single issue rule in cases where the offense charged and those offered to be proved are so connected so as to constitute one transaction, where it is necessary to identify the defendant, to prove motive and where there is an apparent relation or connection between the act proposed to be proved and that charged, or where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge. See, e.g., Thomas v. State, 495 So.2d 481, 483 (Miss.1986); Blair v. State, 445 So.2d 1373, 1375 (Miss.1984); Gray v. State, 351 So.2d 1342, 1345 (Miss.1977).
These exceptions to the general rule are reasonable and necessary. Turner v. State, 478 So.2d 300, 301 (Miss.1985); Neal v. State, 451 So.2d 743, 759 (Miss.1984). They have been carried forward into the Mississippi Rules of Evidence. See Rule 404(b), Miss.R.Ev. Where substantially necessary to present to the jury the complete story of the crime, including the accused’s motive, opportunity, intent, preparation, plan, knowledge or identity, evidence or testimony may be given even though it may reveal or suggest other crimes. Brown v. State, 483 So.2d 328, 330 (Miss.1986). These holdings are made necessary by the danger that, otherwise, testimony by the witnesses for the prosecution too carefully manicured might lead alert jurors to the thought that something of importance was being withheld. Such suspicions on the part of jurors could lead to a mischievous miscarriage of justice.
What must be kept in mind is that these exceptions to the general rule contemplate evidence that it is “necessary” for the prosecution to adduce in order to make out its case or tell a coherent story. For example, Lockett v. State, 459 So.2d 246, 253 (Miss.1984)[4] allows evidence of other crimes where such is “necessary to identify the defendant” or “necessary to prove scienter or guilty knowledge.” 459 So.2d at 253. [Emphasis added] That Rose Gunter was found dead by her son-in-law and that Dr. Gonzalez examined her dead body to establish that a rape had occurred were obviously facts that may be told the jury. On the other hand, I do not believe the prosecution would seriously argue that in order to prove the elements of the rape of Rose Gunter it was reasonably necessary to present a pathologist’s testimony that “this lady sustained 41 stab wounds.”
*140 At the risk of repetition and to the end that I not be misunderstood, I would not hold inadmissible any reference to the killing of Rose Gunter or of David McFee's participation in it. Such evidence falls within the exception to the general rule. Neal v. State, 451 So.2d 743, 759 (Miss.1984); Carter v. State, 450 So.2d 67, 69 (Miss.1984). I do, however, regard it as impermissible for prosecution witnesses in the course of describing the events of April 26, 1983, to go beyond what is reasonably necessary and in this rape case produce evidence that Gunter had been stabbed 41 times, followed by the district attorney’s argument to the jury that “the only thing that would put Rose Gunter’s spirit to rest would be the conviction of the defendant for the crime he had committed.” What is particularly wrong with this argument is that it could only cause the jury to think of Gunter’s 41-stab murder as the crime McFee had committed. But, McFee had already been convicted of that crime, and had received a life sentence for his efforts.
So long as the testimony involving such other crimes is incidental to the telling of the story of that charged in the indictment, there is no error. Where the other crime becomes the central crime for which the accused is in fact being prosecuted, there is error. To be sure, the outer limits of this exception to the rule are and necessarily must remain fuzzy. The touchstone is and always remains the concept of relevancy which in turn is anchored to the charge in the indictment. Compare Rule 401, 402 and 404(b), Miss.R.Ev., effective January 1, 1986. What is clear, however, is that when the proof offered by the prosecution respecting a crime other than that charged in the indictment is so extensive that it would be that which one would expect if the other crime were the one for which the accused is on trial, the outer bounds of relevancy have been exceeded. And, the same of final argument to the jury.
Bearing in mind that McFee was on trial for the rape of Rose Gunter, I would note that evidence of the murder of Rose Gun-ter presented to the jury included the following: Joe Winstead testified that on the morning of April 26, 1983, he went to Gun-ter’s home and found her in the bedroom “laying there dead on the bed.” State’s Exhibit 1 is a photograph of Gunter’s body lying on the bed with her feet hanging off the bed onto the floor. The color photograph reflects that Gunter had on her pajama bottoms with apparent blood stains all over each leg. Deputy Sheriff Morris Walters testified that he came to the scene a short while later to commence an official investigation and he found Gunter dead. Through Deputy Sheriff Walters, an additional photograph was introduced, again in color reflecting considerable blood stains on the pajama pants legs. This photograph, however, was probative of the charge of rape in that it reflects that the top of the pajama pants had been torn and that the pubic area was exposed.
Then came the dramatic moment, the moment which to my mind tips this case over the reversal line. Dr. Sergio Gonzalez, forensic pathologist, testified that he performed an autopsy on the body of Rose Gunter and in the course of his testimony volunteered that “This lady sustained 41 stab wounds.”[5] At this point the Circuit Court sustained the defense objection and admonished the jury:
We are trying a rape case only in this trial and that is the only thing we are trying, is a rape case.
Although the trial judge should certainly be commended for trying, I do not see how he or anyone else could seriously expect a jury of human beings to have the capacity to disregard what they had just heard— that the victim had been stabbed 41 times. As a matter of institutional necessity, we indulge in the presumption that jurors follow the instructions of the court. We should not carry this indulgence so far as to destroy our credibility in the court of common sense.
*141 I find Assignments of Error Nos. 3, 6 and 8, in the aggregate, with merit and, accordingly, reverse. See Collins v. State, 408 So.2d 1376, 1380 (Miss.1982).
PRATHER, J., joins in this opinion.
SULLIVAN, J., joins in dissent portion only of this opinion.

. The point I make here is akin to what I have said in my separate opinion in Stringer v. State, 500 So.2d 928, 947-52 (Miss.1986), although I consider the prosecution's sins in Stringer far more egregious than those found here. Without the unforgettable "41 stab wounds” comment, this would be a close one. That comment, plus the other “murder” evidence adduced at McFee’s trial, requires reversal here in that the evidence of McFee’s guilt on the rape charge, while sufficient to withstand post-verdict appellate attack, was a good bit short of overwhelming.

. I use the word "heretofore” because the courts of this state now operate under the Mississippi Rules of Evidence, effective January 1, 1986. For all cases tried after that date, Rules 401-404, Miss.R.Ev., should be consulted on issues such as today’s. See Stringer v. State, 500 So.2d 928, 948 (Miss.1986) (concurring opinion). Suffice it to say that today’s case is a pre-Rules case.

.As the scope of argument by counsel is generally thought limited to facts legitimately in evidence, a similar limitation applies to opening statements and final argument by the prosecuting attorney.

. I consider the "absolutely necessary" standard originating in Dabney v. State, 82 Miss. 252, 255, 33 So. 973 (1903) cited recently in Williams v. State, 463 So.2d 1078, 1080 (Miss.1985) as so much loose talk which we ought read to mean "reasonably necessary.”

. Were the Mississippi Rules of Evidence in effect, I would also consider that the probative value, if any, of this evidence is substantially outweighed by the danger of unfair prejudice to the accused. Rule 403, Miss.R.Ev.