481 So.2d 788 (1985)
Hernando BARNETTE
v.
STATE of Mississippi.
No. 55139.
Supreme Court of Mississippi.
December 4, 1985.
*789 Jon A. Swartzfager, Laurel, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Walter L. Turner and Jack B. Lacy, Jr., Sp. Asst. Attys. Gen., Jackson, for appellee.
En Banc.
SULLIVAN, Justice, for the court:
In the fall of 1981, Reginald Gage was engaged in undercover operations in Laurel, Jones County, Mississippi, for the Mississippi Bureau of Narcotics. On October 21, 1981, Gage purchased from Hernando Barnette some alleged cocaine for $45.00. The purchase took place at the Union Club, a nightclub in Jones County, Mississippi.
This purchase resulted in Barnette being indicted in the fall of 1982 for selling cocaine. The trial was had on April 12, 1983, and resulted in the conviction of Barnette and his sentence of twelve years in the state penitentiary and a fine of $5,000.00 and court costs. Barnette has appealed and filed two assignments of error.

DID THE TRIAL COURT ERR IN ALLOWING THE STATE TO ELICIT TESTIMONY FROM A STATE'S WITNESS IN REGARD TO ANOTHER ALLEGED OFFENSE COMMITTED BY BARNETTE OVER THE OBJECTION OF BARNETTE'S ATTORNEY?
On direct examination, Gage testified that he had approached Barnette in the Union Club and advised him that he had come to purchase a quantity of drugs. The following is an excerpt from the record:
A. I simply stated that I wanted to buy some coke or D's, coke is street language for cocaine and D's is street language for Dilaudid... .
Q. What was Mr. Barnette's response to your question about buying some drugs, if he made a response?
A. Mr. Barnette stated that he had some coke and some D's.
Barnette objected to the testimony of anything other than cocaine and asked the court to instruct the jury to disregard what was just said. The trial court responded: "Overruled, but the defendant is being tried for selling cocaine only, and that is the only question the jury has to decide as far as guilt or innocence."
Continuing his direct examination, the prosecutor then asked,
Q. All right, sir, and what did you do after he advised you that he had some coke and maybe some D's?
Barnette again objected and again he was overruled. Gage then testified that he purchased from Barnette for $45.00 a package allegedly containing cocaine.
On redirect Gage was allowed to testify as follows:
A. If I had of arrested him on that occasion, we wouldn't have had but one purchase from Mr. Barnett, or we wouldn't have had  I couldn't have gone back to that area to purchase drugs from other individuals.
"The general rule is that testimony in a criminal trial should be confined to the charge for which an accused is on trial, and the prosecution should not be allowed to aid the proof against the accused by showing he commited other offenses." Tucker v. State, 403 So.2d 1274, 1275 (Miss. 1981). See also, Mills v. State, 304 So.2d 651 (Miss. 1974); Sumrall v. State, 257 So.2d 853 (Miss. 1972).
*790 We have reversed criminal convictions where the state improperly injected into the trial proceedings evidence that the defendant may have committed or been involved in other illegal activities for which he had not been convicted. Walker v. State, 473 So.2d 435, 442 (Miss. 1985); Tobias v. State, 472 So.2d 398, 400 (Miss. 1985); Hughes v. State, 470 So.2d 1046, 1047-48 (Miss. 1985); Gallion v. State, 469 So.2d 1247, 1249-50 (Miss. 1985).
There are, however, well recognized exceptions to this rule. These exceptions were stated in Tucker, supra, as follows:
Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge. (quoting Gray v. State, 351 So.2d 1342 (Miss. 1977)), (cites omitted) (emphasis added).
403 So.2d at 1276. See also, Neal v. State, 451 So.2d 743, 759 (Miss. 1984) cert. den. ___ U.S. ___, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984); Davis v. State, 431 So.2d 468 (Miss. 1983).
While this set of facts places the state on the thinnest of ice at the furtherest edge of the exception, they do not cross over the line into reversible error. It was not error to allow Gage to testify as to what Barnette told him immediately prior to the alleged purchase, even though Gage made reference to another drug other than cocaine. Such was so connected to the offense charged that it constituted one transaction. Furthermore, the judge instructed the jury that Barnette was being tried for selling cocaine only. It is presumed that jurors follow the directions of the Court. Johnson v. State, 475 So.2d 1136, 1142 (Miss. 1985); Carter v. State, 450 So.2d 67, 69 (Miss. 1984).
As to the testimony given by Gage on redirect, no contemporaneous objection was interposed by Barnette and no motion to exclude this testimony was made; therefore, the objection is waived. Smith v. State, 419 So.2d 563, cert. den. 460 U.S. 1047, 103 S.Ct. 1449, 75 L.Ed.2d 803 (1982).

DID THE TRIAL COURT ERR IN ADMITTING THE ALLEGED COCAINE AND CERTIFICATE OF ANALYSIS INTO EVIDENCE OVER THE OBJECTION OF BARNETTE?
Over objection of Barnette, the state introduced into evidence a certificate of analysis prepared January 27, 1982, concerning the alleged cocaine. The certificate was admitted pursuant to Mississippi Code Annotated § 13-1-114 (Supp. 1985). It identified the state's exhibit, which was allegedly the cocaine purchased from Barnette as indeed being cocaine. The analyst who prepared the certificate did not testify and neither the state nor Barnette moved prior to trial for the court to require the analyst to testify.
Barnette contends that it was error to allow the certificate of analysis into evidence because it violated his right to confront witnesses against him as guaranteed in the Sixth Amendment of the United States Constitution and Section 26 of the Mississippi Constitution. In effect, the appellant is contending that Mississippi Code Annotated § 13-1-114 (Supp. 1985), is unconstitutional. That section provides as follows:
13-1-114. Admissibility of certificate of physician, chemist, or technician as proof of identity of controlled substance.
(1) In the prosecution for a criminal offense where testimony of an analysis of a controlled substance, as defined in sections 41-29-113, 41-29-117, 41-29-119 and 41-29-121, by a physician, chemist or technician is called for, the certificate of such person shall be admissible as evidence of the facts stated therein and of the results of the analysis referred to therein provided that:

*791 (a) The analysis is performed in a court-approved laboratory; and
(b) The certificate of analysis is duly attested to by the physician, chemist or technician performing said analysis.
(2) On motion of any party in any misdemeanor or felony case, and within a reasonable time prior to trial, the court may require the official making the analysis to appear as a witness.
We agree that it was error to admit the certificate of analysis into evidence over the objection of Barnette; however, we stop short of finding the statute unconstitutional.

A.
We have held that due process requires the state to prove each element of the offense charged beyond a reasonable doubt. Edwards v. State, 469 So.2d 68, 70 (Miss. 1985); Watson v. State, 465 So.2d 1025, 1031 (Miss. 1985); Neal v. State, 451 So.2d at 757.
The United States Supreme Court has expressly held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In Re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). See also Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Of course, an essential element of the crime of selling a controlled substance is that the substance sold is indeed a controlled one within the purviews of Mississippi Code Annotated Section 41-29-139 (Supp. 1985). This must be determined by a chemical analysis. To allow, without the consent of the defendant, this essential element to be proven solely by a certificate of the analyst impermissibly lessens the constitutionally required burden which is on the state.
The allowance of such also denies the defendant the constitutionally guaranteed right to confront and cross examine witnesses against him.
We hold that it was reversible error to admit, over the objection of Barnette, the certificate of analysis into evidence without the testimony of the analyst who prepared such.

B.
In Jackson v. State, 337 So.2d 1242, 1251 (Miss. 1976), we expressed the following rule concerning construction of statutes:
The rule is without exception that when the Court is confronted with a statute a literal construction of which would render it unconstitutional, the Court must adopt such a construction, when reasonably possible, as will save the statute, and at the same time save every savable provision or term in it. (citation omitted)
When construing a statute we "give consideration to the purpose of the statute, the object to be accomplished and the intent of the legislature in enacting it." Akers v. Estate of Johnson, 236 So.2d 437, 439 (Miss. 1970).
The purpose and objective of § 13-1-114 is "to provide that proof of identity of substances in criminal cases may be made by certificate of the official making the analysis and identity rather than by personal appearance; and for related purposes." 1979 Miss. Laws, Ch. 389.
Our analysis does not end here, however. We must further look to the language of the statute itself to determine how the legislature intended to achieve this purpose and if such is constitutional.
Subdivision (1) simply allows the out-of-court prepared certificate of analysis to be admissible as evidence of the facts and results contained therein. Keeping in mind the above rule of construction, we certainly will not infer that the legislature intended for the certificate to be used regardless of constitutional guarantees.
The subdivision only gives authenticity to the certificate being used as substantive evidence of the facts stated therein. To be used as the evidence of these facts without *792 the accompanying testimony of the analyst who prepared the certificate, constitutional requirements must be met. This means there must be a pre-trial agreement by the defendant with the prosecuting attorney consenting to such and waiving the right to confront and cross-examine that witness. See Brewer v. State, 233 So.2d 779, 780 (Miss. 1970) (held that right to confront can be waived). Without the consent and waiver, the statute simply allows an out-of-court certificate to be admissible as substantive evidence of the facts it contains along with the testimony of the analyst who prepared the certificate.
We now hold that the certificate cannot be admitted without the in-court testimony of the analyst unless the defendant gives his pre-trial consent and waives his right to confront. Even with such consent and waiver, however, subdivision (2) allows either party to move, prior to trial, for the court to require the analyst to appear as a witness. By using the word "may", the subdivision appears to give the court discretion in deciding whether to grant this motion; however, in this regard we have held as follows:
[W]ords in a statute importing permission or authorization may be read as mandatory, and words importing a command may be read as permissive or enabling, whenever, in either case, such a construction is rendered necessary by the evident intention of the legislature or the rights of the public or of private persons under the statute. (citation omitted)
Jackson v. State, 337 So.2d at 1251.
The Court in Jackson construed the word "may" in the statute under consideration as "mandatory in application". We do the same here, at least when the defendant makes the motion. Such a construction is reasonable and still allows the purpose of the statute to be carried out while at the same time saving it.

C.
In summary, we hold as follows:
(1) To allow the certificate of analysis to be admitted without the accompanying testimony of the analyst who prepared the certificate impermissibly lessens the constitutionally required burden which is on the state to prove each element of the offense beyond a reasonable doubt, and violates the defendant's right of confrontation.
(2) The certificate of analysis may be admitted as substantive evidence of the facts therein along with the testimony of the analyst who prepared the certificate.
(3) The certificate may be admitted as substantive evidence of the facts therein without the testimony of the analyst only if the defendant consents to such and waives his right to confront that witness in a pre-trial agreement with the prosecuting attorney.
(4) Even if an agreement has been made consenting to the use of the certificate as the sole evidence of the facts therein and waiving the right to confront, either party may move the court to require the analyst to appear as a witness, provided the motion is sufficiently in advance of the trial to allow reasonable time to insure the presence of the witness.
(5) If the defendant makes the motion, it must be granted and the analyst must be required to appear as a witness in the state's case in chief.
The other issues raised regarding the use of the certificate and the introduction of the cocaine are without merit. However, to avoid the re-occurrence of one issue raised by Barnette, we hold that a crime laboratory established by the Commissioner of Public Safety pursuant to Mississippi Code Annotated § 45-1-17 (1972) is a "court-approved laboratory" for the purpose of § 13-1-114(1)(b).
We reverse and remand this case for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.