# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00211-SCT

*THADDEUS MACKLIN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/10/95 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/4/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/30/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Thaddeus Macklin was indicted by the Scott County Grand Jury during the October, 1992 Term for sale of a controlled substance by a habitual offender, in violation of Miss. Code Ann. § 41-29-139(a)(1) (1993). He was convicted and sentenced to serve thirty years in the Mississippi Department of Corrections by Circuit Court Judge Marcus Gordon. Macklin filed his "Motion for Post Conviction Collateral Relief Under § 99-39-1 MCA to Vacate Sentence and Conviction" (hereinafter PCR motion) on October 2, 1995. Judge Gordon dismissed Macklin's PCR motion on October 10, 1995, finding that the motion "fails to state a cause upon which an order should be granted." Macklin perfected his appeal to this Court from the trial court's denial of post-conviction relief.

**I.**

## WAS PETITIONER DENIED HIS RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES AGAINST HIM?

Macklin asserts that the State introduced a copy of the lab report from the Mississippi Crime Laboratory at his trial without calling the laboratory scientist as a witness. A copy of the report is attached to his brief, but is not included in the record before this Court. The report was completed by Grady E. Downey and reveals that the substance which he was charged with selling was cocaine. A copy of trial transcript index is also attached to Macklin's brief, revealing that Downey was not called as a witness at trial. The trial transcript index is also absent from the record before this Court. Macklin argues that by introducing the lab report without calling Downey as a witness, the State denied him of his right to confront and cross-examine witnesses. He also contends that without Downey's testimony, the jury did not have sufficient evidence at trial to convict him. He asserts that the State failed to prove beyond a reasonable doubt that the substance was in fact cocaine, an essential element of the crime for which Macklin was indicted.

Macklin points to this Court's decisions in *Barnette v. State*, 481 So.2d 788 (Miss. 1985) and *Kettle v. State*, 641 So.2d 746 (Miss. 1994), to support his argument. In *Barnette*, we found that it was reversible error for the trial court to admit the certificate of analysis in a sale of cocaine case without requiring the analyst to testify. *Barnette*, 481 So.2d at 790-91. We determined that identifying the substance as cocaine was an essential element of the crime, and that by admitting the report without the testimony of the analyst, the trial court denied Barnette of his right to confront and cross-examine witnesses against him. *Id*. at 791. In *Kettle*, we held that the right to confront and cross-examine witnesses was also violated if someone other than the analyst testified regarding the lab report. *Kettle*, 641 So.2d at 750.

"[T]he burden is on the appellant to make sure that the record contains 'sufficient evidence to support his assignments of error on appeal.'" *Jackson v. State*, 684 So.2d 1213, 1224 (Miss. 1996) (quoting *Hansen v. State*, 592 So.2d 114, 127 (Miss. 1991)). "We have always adhered to the rule that we will not consider anything on appeal except what is in the record made in the trial court. We will not go outside the record to find facts and will not consider a statement of facts attempted to be supplied by counsel in briefs." *Wortham v. State*, 219 So.2d 923, 926-27 (Miss. 1969). The record before this Court contains no evidence supporting Macklin's claims. Since the lab report and trial transcript index were merely attached to Macklin's brief, we may not consider them as evidence. As the State points out in its brief, it is possible that the parties stipulated at Macklin's trial that the substance tested positive as cocaine, making Downey's testimony unnecessary and irrelevant. The fact that the lab report attached to Macklin's brief has not been marked as a trial exhibit may support this stance. Without the full transcript, we cannot make a credible ruling on this issue.

## CONCLUSION

"Generally speaking, when on appeal we review findings of ultimate fact made by a trial court sitting without a jury, we enforce the familiar substantial evidence/clearly erroneous test, and it thus quite limits our scope of review. This premise has been applied to proceedings for post-conviction relief." *McClendon v. State*, 539 So.2d 1375, 1377 (Miss. 1989) (citing *Reynolds v. State*, 521 So.2d 914, 918 (Miss.1988); *Merritt v. State*, 517 So.2d 517, 520 (Miss.1987)). Based upon the limited record

on appeal, we cannot say that Judge Gordon was clearly erroneous in finding that Macklin's PCR motion failed to state a viable claim for relief. We therefore give deference to the trial court's decision and affirm the denial of post-conviction relief in this case.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**BANKS, JUSTICE, DISSENTING:**

I don't believe that we know enough about this case to affirm and I don't believe that it is all the prisoner's fault. Accordingly, I dissent.

What disturbs me is the content of the record in this pro se case. Despite the fact that the docket sheet indicates that this is the record in both the original criminal case and the post-conviction relief motion, several important documents are missing without explanation. As to the issue under consideration, the notice of appeal and designation of the record are missing. Without a notice of appeal, this Court lacks jurisdiction. As for the record of the previous proceedings upon which the trial court presumptively relied, the motion for new trial or judgment notwithstanding the verdict, the motion for appeal out-of-time, the list of witnesses for the defense and the state and the exhibits all of which are indicated on the docket sheet are not in the record. While the docket sheet does not indicate what was designated, it does indicate a notice of appeal from the order here attacked and subsequent letter, neither of which were included with the record.

In civil matters, as this is, where the court dismisses for failure to state a claim "thirty days leave to amend shall be granted." Miss.R.Civ.P. 15(a). There is no leave to amend in the order.

Under the Uniform Post-Conviction Relief Act the trial judge can direct that an insufficient pleading be sent back together with a statement of the reason for its return. Miss. Code Ann. § 99-39-9 (4) (1994). That wasn't done here. The next step is to examine the motion and the criminal case file, Miss. Code Ann. § 99-39-11 (1994), and determine whether it "plainly appears . . . that the movant is not entitled to relief." Perhaps this is what was done. If so, the case file should be delivered as a part of the record in this case for review. That clearly was not done here. Moreover, because we don't have whatever the entering clerk called "notice of appeal" and we don't have the subsequent "letter," we cannot be sure whether the clerk simply failed to follow the directions of the appellant as to the content of the record. It is possible that this pro se prisoner has never seen the record as filed. He may not be aware of the deficiencies noted above.

In my view, we ought to withhold judgment here and direct the clerk to send the entire record.