**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 2000-KM-01317-SCT**

*JAMES R. CRISP a/k/a JAMES RANDY CRISP*

*v.*

*TOWN OF HATLEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2000 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. DUDLEY WILLIAMS |
| ATTORNEY FOR APPELLEE: | C. MICHAEL MALSKI |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | REVERSED AND REMANDED-10/04/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/25/2001 |

**BEFORE BANKS, P.J., SMITH AND WALLER, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. James R. Crisp ("Crisp") was charged, pursuant to Miss. Code Ann.§ 41-29-139, with possession of marijuana in a commercial vehicle. Crisp was found guilty in the Town of Hatley Municipal Court on May 5, 1997, and he timely appealed this conviction to the Circuit Court of Monroe County, Mississippi. The non-jury de novo trial was held before Circuit Judge Barry W. Ford on November 17, 1997, and resulted in a conviction. Crisp was fined a sum of $1,050.00. Crisp appeals to this Court arguing that the trial court erred in allowing the admission of a crime lab analysis and testimony by Officer Steve Hunt as to the lab results. The Town of Hatley confesses this error. We agree and accordingly reverse and remand.

**FACTS**

¶2. On April 6, 1997, Officer Steve Hunt ("Officer Hunt") stopped Crisp for a traffic violation. Crisp was driving a truck owned by his employer, Sit N E-Z Furniture. Officer Hunt's drug dog alerted him that drugs were present in the truck. Officer Hunt found rolled cigarettes of what was alleged to be marijuana in two Tylenol bottles between the seats of the truck. Crisp was arrested, and the substance found in the truck was submitted to the Tupelo Crime Lab for analysis. The Crime Lab's report indicated that the substance was, in fact, marijuana.

¶3. At trial, Crisp objected to Officer Hunt's characterization of the substance in the Tylenol bottles as marijuana. Also over Crisp's objection, Officer Hunt was allowed to testify to the crime lab results, and the certificate of analysis was admitted as evidence. Crisp objected on the basis of hearsay and argued that he had the right to cross-examine the analyst who prepared the Crime Lab report. The only other evidence admitted at trial concerning the nature of the substance possessed by Crisp was the testimony of Officer Hunt and of Donald Meredith, inspector with the Mississippi Public Service Commission, who both testified that Crisp made spontaneous remarks at the police station, prior to being Mirandized, that the marijuana

belonged to him. Crisp denied making these remarks.[1]

¶4. On June 19, 2000, the circuit court entered an order finding Crisp guilty of possession of marijuana and fining Crisp $1,050.00. Crisp filed a motion for new trial on June 23, 2000, in which he argued that the admission of the certificate of analysis without the accompanying testimony of the analyst who prepared the certificate violated his right to confrontation. The circuit court denied the motion for new trial on July 10, 2000. Crisp timely filed a notice of appeal to this Court on August 9, 2000.

¶5. The Town of Hatley ("Hatley") concedes in its brief that Crisp's allegation of error is correct and, therefore, confesses this appeal. The sole issue argued by Crisp, and conceded by Hatley, is as follows:

> **THE CIRCUIT COURT ERRED IN ADMITTING INTO EVIDENCE THE CRIME LAB'S CERTIFICATE OF ANALYSIS.**

## DISCUSSION

¶6. While Hatley has confessed Crisp's assignment of error, a discussion of the issue is still appropriate on appeal.

¶7. Again, over Crisp's objections, the circuit court allowed into evidence the certificate of analysis from the Tupelo Crime Lab concerning the alleged marijuana. The certificate of analysis identified the substance admitted as exhibit 1 as indeed being marijuana. The analyst who prepared the certificate did not testify. Rather, the certificate was admitted through the testimony of Officer Hunt. Neither Hatley nor Crisp moved prior to trial for the court to require the analyst to testify.

¶8. Crisp contends that it was error to allow the certificate of analysis into evidence without the testimony of the analyst who performed the tests. Crisp argues that such violated his right to confront the witnesses against him as guaranteed in the Sixth Amendment of the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

¶9. This Court squarely addressed this issue in ***Barnette v. State***, 481 So. 2d 788 (Miss. 1985). There this Court considered Miss. Code Ann. § 13-1-114 (repealed July 1, 1991), an evidentiary statute authorizing such certificates to be admitted as evidence. Section 13-1-114 provided:

> Admissibility of certificate of physician, chemist, or technician as proof of identity of controlled substance.

> (1) In the prosecution for a criminal offense where testimony of an analysis of a controlled substance, as defined in sections 41-29-113, 41-29-117, 41-29- 119 and 41-29-121, by a physician, chemist or technician is called for, the certificate of such person shall be admissible as evidence of the facts stated therein and of the results of the analysis referred to therein provided that:

> (a) The analysis is performed in a court-approved laboratory; and

> (b) The certificate of analysis is duly attested to by the physician, chemist or technician performing said analysis.

> (2) On motion of any party in any misdemeanor or felony case, and within a reasonable time prior to trial, the court may require the official making the analysis to appear as a witness.

*Barnette*, 481 So. 2d at 790-91. In *Barnette*, this Court held:

> Of course, an essential element of the crime of selling a controlled substance is that the substance is indeed a controlled one within the purviews of Mississippi Code Annotated Section 41-29-139 (Supp. 1985). This must be determined by a chemical analysis. To allow, without the consent of the defendant, this essential element to be proven solely by a certificate of the analyst impermissibly lessens the constitutionally required burden which is on the state.

> The allowance of such also denies the defendant the constitutionally guaranteed right to confront and cross examine witnesses against him.

> We hold that it was reversible error to admit, over the objection of Barnette, the certificate of analysis into evidence without the testimony of the analyst who prepared such.

> . . . .

> We now hold that the certificate cannot be admitted without the in-court testimony of the analyst unless the defendant gives his pre-trial consent and waives his right to confront. . . .

*Barnette,* 481 So. 2d at 791-92. In *Kettle v. State*, 641 So. 2d 746, 749 (Miss. 1994), this Court applied the same principles where a witness other than the analyst attempted to testify to the crime lab results over the objection of the defense.

## CONCLUSION

¶10. In the case at bar, there was no pre-trial consent by Crisp to the admission of the certificate of analysis without the testimony of the analyst, nor is there any indication that Crisp waived his right to confront the analyst at trial. Hatley concedes that Crisp's allegation of error is correct and, therefore, confesses this appeal.

¶11. This Court holds that the circuit court erred in allowing the certificate of analysis to be admitted without the accompanying testimony of the analyst who prepared the certificate. This allowed the prosecution to put on its case without meeting its burden of proving beyond a reasonable doubt that Crisp possessed marijuana. Therefore, the judgment of the Monroe County Circuit Court is reversed, and the case is remanded to that court for a new trial consistent with this opinion.

¶12. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

> **PITTMAN, C.J., BANKS AND McRAE, P.JJ., WALLER, COBB, AND DIAZ, JJ., CONCUR. MILLS AND EASLEY, JJ., NOT PARTICIPATING.**

1. Crisp objected at trial to the admission of Officer Hunt's and Meredith's testimony regarding his alleged remarks because, at the time he made them, he had not been Mirandized. The alleged statements of Crisp were spontaneous and not the product of questioning. This Court has held that "a volunteered statement, voiced without prompting or interrogation, is admissible in evidence if made prior to the [*Miranda* ] warning."*Edwards v. State*, 615 So. 2d 590, 597 (Miss. 1993) (quoting *Burge v. State*, 282 So. 2d 223, 226 (Miss.1973)). *See also* *Luster v. State*, 515 So. 2d 1177, 1179 (Miss. 1987); *Dillard v.*

*State*, 254 So. 2d 887, 889 (Miss. 1971); *Spurlin v. State*, 218 So. 2d 876, 878 (Miss. 1969).