KITCHENS, Justice,
dissenting:
¶ 22. The United States Supreme Court has made clear that the prosecution’s use of one expert to admit the testimonial report of another implicates a criminal defendant’s Sixth Amendment right to confront his accusers. Bullcoming v. New Mexico, — U.S. —, 181 S.Ct. 2705, 2717, 180 L.Ed.2d 610 (2011). Gross, as a “technical reviewer,” who neither observed nor participated in the testing process, was indeed a “surrogate witness” for Smith. Id., 131 S.Ct. at 2710. Thus, the admission of Smith’s laboratory report via Gross’s testimony, without a prior opportunity to cross-examine Smith, violated Jenkins’s constitutional right to confrontation, thereby impairing his right to a fair trial.
¶ 28. The Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution guarantee a criminal defendant the right to confront and cross-examine the witnesses against him. Before 2004, the United States Supreme Court had interpreted the federal Confrontation Clause to allow admission of absent witnesses’ testimonial statements based on a judicial determination of reliability. Ohio v. Roberts, 448 U.S. 56,100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). However, in Crawford v. Washington, 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the justices held that “indicia of reliability” was not constitutionally sufficient, declaring that “[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation.” Id., 541 U.S. at 69, 124 S.Ct. 1354. Therefore, without exception, the Sixth Amendment’s Confrontation Clause bars the admission of “testimonial” statements by a witness who did not appear at trial unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine that witness. Id. at 61, 124 S.Ct. 1354.
¶ 24. Forensic laboratory reports created specifically to serve as evidence against the accused at trial belong to the “core class of testimonial statements” governed by the Confrontation Clause. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009). Therefore, the authors of forensic reports sponsored by the prosecution must be made available for confrontation purposes even if they possess “the scientific acumen of Mme. Curie and the veracity of Mother Teresa.” Id. at 2537 n. 6.
¶ 25. In Bullcoming, 131 S.Ct. at 2710, the Supreme Court clarified that, when a forensic report is admitted into evidence, “surrogate testimony” by a scientist who neither conducted nor oversaw the testing process is insufficient to pass Sixth Amendment scrutiny. At Bullcoming’s aggravated DUI trial, the prosecutor called a substitute analyst from the crime laboratory to validate the forensic report prepared by the technician who had tested Bullcom-ing’s blood. Id. at 2711-12. Unswayed by the surrogate witness’s familiarity with the laboratory’s procedures and experience *1071 with the testing equipment, the Supreme Court held the report inadmissible, stressing that a defendant’s right to confrontation cannot be swept aside by a court’s belief “that questioning one witness about another’s testimonial statements provides a fair enough opportunity for cross-examination.” Id. at 2716 (emphasis added). The opinion reiterated that “[t]he text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the Courts.” Id. at 2716 (quoting Crawford, 541 U.S. at 54, 124 S.Ct. 1354).
¶ 26. The majority holds that Jenkins’s right to confrontation was fulfilled through the cross-examination of Gross. But, like the surrogate witness in Bullcoming, 131 S.Ct. at 2716, who did not “perform or observe the test reported in the certification,” Gross did not observe Smith conducting her analysis, and was therefore unable to provide the calibre of confrontation required by the Sixth Amendment. Specifically, Gross could not testify whether Smith followed proper protocol, nor could his cross-examination “expose any lapses or lies” on Smith’s part. Id. at 2715. Although he testified at length about what Smith “would have” done, such as “visually examining] the exhibit, obtaining] the weight of the exhibit, obtaining] the sample of the exhibit, and then subjecting] that sample to the examinations,” Gross had no personal knowledge whether Smith actually did these things, and he did none of these things himself. Notably, the crime for which Jenkins was convicted could have been charged as a misdemeanor depending on the weight of the substance, thus foreclosing Jenkins’s life sentence as an habitual offender. Miss.Code Ann. § 41-29-139(c)(l)(a) (Rev. 2009) (possession of less than one-tenth of a gram may be charged as a misdemeanor or felony). The State’s proof of this essential element was before the jury in Smith’s laboratory report, but Gross testified, “I didn’t actually weigh that particular sample.”
¶ 27. The majority relies on McGowen v. State, 859 So.2d 320 (Miss.2003), and Bullcoming, — U.S. —, 131 S.Ct. 2705, 180 L.Ed.2d 610, to approve the admission of laboratory reports “on which [other witnesses] based their own conclusions.” Maj. Op. ¶ 18. However, neither case addressed or “settled” this exact issue. Maj. Op. ¶ 18. McGowen, 859 So.2d at 326, 338-40, did not say that the testifying witness had relied on the report to form her own, independent, expert opinion, or that the report itself had been admitted into evidence. In Bullcoming, 131 S.Ct. at 2722, Justice Sotomayor explicitly and correctly noted that the Supreme Court had not yet addressed whether, in an independent opinion, an expert witness could testify about
¶ 28. The laboratory report at issue in this case was not merely relied upon by Gross to form the basis of his opinion. Smith’s report listed “Robert Lee Jenkins” as the “suspect” and concluded that the substance received from the Biloxi Police Department was “Cocaine, Amount: 0.1 Gram.” This document, as were those admitted against the defendants in Melendez-Diaz and Bullcoming, was received into evidence, and was incriminating on its face, thereby requiring its author to be present for confrontation purposes as is constitutionally mandated by the Sixth Amendment.[4] Because the report unquestionably became testimonial when the prosecution elected to admit it into evi *1072 dence, Smith, not Gross, became the witness whom Jenkins had a right to confront. See Bullcoming, 131 S.Ct. at 2716 (“[W]hen the State elected to introduce Caylor’s certification, Caylor became a witness Bullcoming had a right to confront. Our precedent cannot sensibly be read any other way.” (emphasis added)).
¶ 29. The majority refers to Smith as the “primary analyst” and notes that “some tests involve multiple analysts.”[5] But the drug testing in this case was performed by one person, and the report was authored by that same person. Other forensic testing, such as DNA analysis, is much more complex, and could involve a “primary analyst.” See Gray v. State, 728 So.2d 36, 56-57 (Miss.1998) (noting that, under Rule 703 of the Mississippi Rules of Evidence, “the opinion of the nontestifying expert would serve simply as a premise supporting the testifying expert’s opinion on a broader issue”). In those cases, the underlying reports may not be “testimonial” for Confrontation Clause purposes. See Williams v. Illinois, — U.S. —, 132 S.Ct. 2221, 183 L.Ed.2d 89 (2012).
¶ 30. I also note that McGowen was decided before the United States Supreme Court significantly changed its approach to the Confrontation Clause. See Crawford, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, overtoiling Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597. Before Bullcoming, Justice Kennedy observed that McGowen might not withstand a post-Crawford, analysis:
A fifth state, Mississippi, excuses the prosecution from producing the analyst who conducted the test, so long as it produces someone. Compare Barnette v. State, 481 So.2d 788, 792 (Miss.1985) (cited by the Court), with McGowen v. State, 859 So.2d 320, 339-40 (Miss.2003) (the Sixth Amendment does not require confrontation with the particular analyst who conducted the test). It is possible that neither Mississippi’s practice nor the burden-shifting statutes [of other states] can be reconciled with the Court’s holding.
Melendez-Diaz, 129 S.Ct. at 2558 (Kennedy, J., dissenting). Despite the majority’s protests to the contrary, Justice Kennedy was correct in suggesting that McGowen was not entirely consistent with this Court’s holding in Barnette v. State, 481 So.2d 788, 791 (Miss.1985), “that it was reversible error to admit, over the objection of [the defendant], the certificate of analysis into evidence without the testimony of the analyst who prepared such.” (Emphasis added.) See also Kettle v. State, 641 So.2d 746, 750 (Miss.1994) (“We hold that ... when someone other than the person who conducted the laboratory test attempts to testify in a cocaine possession or sale case over the objection of the defense that in doing so his Sixth Amendment right to confrontation is violated.” (emphasis added)). In distinguishing Barnette and Kettle, McGowen relied on Adams v. State, 794 So.2d 1049, 1057-58 (Miss.Ct.App.2001); but, even in Adams, 794 So.2d at 1057, the testifying witness was a laboratory supervisor who had “supervised, witnessed, and checked the tests performed by his technician.”
¶ 31. Finally, the majority notes that Smith’s absence from trial was an unfortunate fact of life, but finds that there was “a constitutionally recognized alternative” for *1073 submitting her testimonial statements. Maj. Op. ¶ 19. There was no such alternative. The application of the Confrontation Clause to forensic evidence is “unbending” and it “may not be disregarded at our convenience.” Bullcoming, 131 S.Ct. at 2717-18. The State “could have avoided any Confrontation Clause problem by asking [Gross] to retest the sample, and then testify to the results of his retest rather than to the results of a test he did not conduct or observe.” Id. at 2718. The substance seized from Jenkins was not destroyed by Smith’s testing, and the State, as the party bearing the burden of proof, easily could have requested a retest by an analyst available for cross-examination.
¶ 32. Jenkins’s cross-examination of Gross was not equivalent to a cross-examination of Smith, and the admission of Smith’s report denied Jenkins his Sixth Amendment right to confront a witness against him. See also Miss. Const, art. 3, § 26 (“[i]n all criminal prosecutions the accused shall have a right ... to be confronted by the witnesses against him”). For this reason, the judgment of conviction should be reversed. As the majority holds otherwise, I respectfully dissent.
DICKINSON, P.J., CHANDLER AND KING, JJ., JOIN THIS OPINION.
DICKINSON, PRESIDING JUSTICE, DISSENTING TO THE DENIAL OF THE MOTION FOR REHEARING:
¶ 33. I dissent from the denial of rehearing for the same reasons stated in my dissent to the denial of rehearing in Grim v. State, 2012 WL 4945744, 102 So.3d 1073 (Miss.2012), handed down this date.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.

. Cf. Conners v. State, 92 So.3d 676, 690 (Miss.2012) (Carlson, P.J., specially concurring) (noting that in McGowen, “it was the analyst who ultimately testified; the report did not speak for itself.”).

. Despite the majority's assertion to the contrary, footnote 1 of the Melendez-Diaz opinion does not discuss testing by multiple analysts. See Maj. Op ¶ 14. That footnote simply explained that, "we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution’s case.” Melendez-Diaz, 557 U.S. at 311 n. 1, 129 S.Ct. 2527.