KITCHENS, Justice,
dissenting.
¶ 25. The United States Supreme Court has made clear that the prosecution’s use of one expert to admit the testimonial report of another implicates a criminal defendant’s Sixth Amendment right to confront his accusers. Bullcoming v. New Mexico, — U.S. —, 131 S.Ct. 2705, 2717, 180 L.Ed.2d 610 (2011). Eric Frazure, as a “technical reviewer,” who neither observed nor participated in the testing process, was indeed a “surrogate witness” for Gary Fernandez. Id., 131 S.Ct. at 2710. Thus, the admission of Fernandez’s laboratory report via Fra-zure’s testimony, without the defendant’s having had a prior opportunity to cross-examine Fernandez, violated Grim’s constitutional right to confrontation, thereby impairing his right to a fair trial.
¶ 26. The Sixth Amendment to the United States Constitution and Article 3, Section 26, of the Mississippi Constitution guarantee a criminal defendant the right to confront and cross-examine the witnesses against him. Before 2004, the United States Supreme Court had interpreted the federal Confrontation Clause to allow admission of absent witnesses’ testimonial statements based on a judicial determination of reliability. Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). However, in Crawford v. Washington, 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the justices held that “indicia of reliability” was not constitutionally sufficient, declaring that “[wjhere testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation.” Id., 541 U.S. at 69, 124 S.Ct. 1354. Therefore, without exception, the Sixth Amendment’s Confrontation Clause bars the admission of “testimonial” statements by a witness who did not appear at trial unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine that witness. Id. at 61, 124 S.Ct. 1354.
¶ 27. Forensic laboratory reports created specifically to serve as evidence against the accused at trial belong to the “core class of testimonial statements” governed by the Confrontation Clause. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009). Therefore, the authors of forensic reports sponsored by the prosecution must be made available for confrontation purposes even if they possess “the scientific acumen of Mme. Curie and the veracity of Mother Teresa.” Id. at 2537 n. 6.
¶ 28. In Bullcoming v. New Mexico, 131 S.Ct. at 2710, the Supreme Court clarified that, when a forensic report is admitted into evidence, “surrogate testimony” by a scientist who neither conducted nor oversaw the testing process is insufficient to pass Sixth Amendment scrutiny. At Bullcoming’s aggravated-DUI trial, the prosecutor called a substitute analyst from the crime laboratory to validate the forensic report prepared by the technician who had tested Bullcoming’s blood. Id. at 2711-12. Unswayed by the surrogate witness’s familiarity with the laboratory’s procedures and experience with the testing equipment, the Supreme Court held the report inadmissible, stressing that a defendant’s right to confrontation cannot be swept aside by a court’s belief “that questioning one witness about another’s testimonial statements provides a fair enough opportunity for cross-examination.” Id. at *1083 2716 (emphasis added). The opinion reiterated that “[t]he text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts.” Id. at 2716 (quoting Crawford, 541 U.S. at 54, 124 S.Ct. 1354).
¶29. The majority holds that Grim’s right to confrontation was fulfilled through the cross-examination of Frazure during the trial. But, like the surrogate witness in Bullcoming, 131 S.Ct. at 2716, who did not “perform or observe the test reported in the certification,” Frazure did not observe Fernandez conducting his analysis, and was therefore unable to provide the calibre of confrontation required by the Sixth Amendment.[5] On cross-examination, Frazure made it clear that he did not participate in Fernandez’s analysis:
Q. So, you didn’t do any scientific analysis of that exhibit, did you?
A. No firsthand analysis.
Q. By “firsthand,” that means testing the item yourself, right?
A. Correct.
Q. So, basically, all you did was, from what it appeared, the paperwork that had been filed, that Mr. Fernandez followed the proper procedure to obtain the result he got? A. That is correct.
Q. But the only way you would really know is if you tested it yourself, wouldn’t you?
A. Mr. Fernandez did proper examinations on this item of evidence. I can look at the data that he has generated — or the data that was generated from his examinations and with a reasonable degree of scientific certainty I agree with his examinations and the results of his — or the results of the report.
Q. But to have, as you say, firsthand knowledge, you would have to test it yourself, wouldn’t you?
A. That is correct.
[[Image here]]
Q. Just so I’m clear, basically what you testified to is that you basically checked the paperwork and procedures, and you didn’t do any scientific analysis; is that right?
A. That is correct.
Without any firsthand knowledge, Frazure could not testify whether Fernandez had followed proper protocol, nor could his cross-examination “expose any lapses or lies” on Fernandez’s part. Id. at 2715.
¶ 30. The majority relies on McGowen v. State, 859 So.2d 320 (Miss.2003), and Bullcoming, 131 S.Ct. 2705, to approve the admission of laboratory reports “on which [other witnesses] based their own conclusions.” Maj. Op. ¶ 21. However, neither case addressed or “settled” this exact issue. Maj. Op. ¶ 21. McGowen, 859 So.2d at 326, 338^0, did not say that the testifying witness had relied on the report to form her own, independent, expert opinion, or that the report itself had been admitted into evidence. In Bullcoming, 131 S. Ct. at 2722, Justice Sotomayor explicitly and correctly noted that the Supreme Court had not yet addressed whether, in an independent opinion, an expert witness could testify about underlying forensic reports not admitted into evidence. (Sotomayor, J., concurring in part).
*1084 ¶ 31. Assuming Frazure performed his own scientific analysis, the laboratory report at issue in this case was not merely relied upon by Frazure. This document, as were those admitted against the defendants in Melendez-Diaz and Bullcoming, was received into evidence, and was incriminating on its face, thereby requiring its author to be present for confrontation purposes as is constitutionally mandated by the Sixth Amendment.[6] Because the report unquestionably became testimonial when the prosecution elected to admit it into evidence, Fernandez, not Frazure, became the witness whom Grim had a right to confront. See Bullcoming, 131 S.Ct. at 2716 (“[W]hen the State elected to introduce Caylor’s certification, Caylor became a witness Bullcoming had a right to confront. Our precedent cannot sensibly be read any other way.” (emphasis added)).
¶ 32. The majority refers to Fernandez as the “primary analyst,” but the drug testing in this case was performed by one person, and the report was authored by that same person. Other forensic testing, such as DNA analysis, is much more complex, and could involve a “primary analyst.” See Gray v. State, 728 So.2d 36, 56-57 (Miss.1998) (noting that, under Rule 703 of the Mississippi Rules of Evidence, “the opinion of the nontestifying expert would serve simply as a premise supporting the testifying expert’s opinion on a broader issue”). In those cases, the underlying reports may not be “testimonial” for Confrontation Clause purposes. See Williams v. Illinois, — U.S. —, 132 S.Ct. 2221, 183 L.Ed.2d 89 (2012). Notably, the majority relies heavily on a Court of Appeals case involving DNA testing, Brown v. State, 999 So.2d 853 (Miss.Ct.App.2008). Under the United States Supreme Court’s most recent precedent, Williams v. Illinois, — U.S. —, 132 S.Ct. 2221, 183 L.Ed.2d 89 (2012), the DNA testing in Brown, 999 So.2d 853, would not be “testimonial” evidence. The majority concedes that the report at issue in Grim’s case is testimonial. Maj. Op.n.3. Thus, like Williams, Brown should have “no bearing on the case at hand.” Maj. Op. n. 3.
¶ 33. I also note that McGowen was decided before the United States Supreme Court significantly changed its approach to the Confrontation Clause. See Crawford, 541 U.S. 36, 124 S.Ct. 1354, overruling Roberts, 448 U.S. 56, 100 S.Ct. 2531. Before Bullcoming, Justice Kennedy observed that McGowen might not withstand a post-Crawford analysis:
A fifth state, Mississippi, excuses the prosecution from producing the analyst who conducted the test, so long as it produces someone. Compare Barnette v. State, 481 So.2d 788, 792 (Miss.1985) (cited by the Court), with McGowen v. State, 859 So.2d 320, 339-10 (Miss.2003) (the Sixth Amendment does not require confrontation with the particular analyst who conducted the test). It is possible that neither Mississippi’s practice nor the burden-shifting statutes [of other states] can be reconciled with the Court’s holding.
Melendez-Diaz, 129 S.Ct. at 2558 (Kennedy, J., dissenting). Despite the majority’s protests to the contrary, Justice Kennedy was correct in suggesting that McGowen was not entirely consistent with this Court’s holding in Barnette v. State, 481 So.2d 788, 791 (Miss.1985), “that it was reversible error to admit, over the objection of [the defendant], the certificate of analysis into evidence without the testimony of the analyst who prepared such.” (Emphasis added.) See also Kettle v. *1085 State, 641 So.2d 746, 750 (Miss.1994) (“We hold that ... when someone other than the person who conducted the laboratory test attempts to testify in a cocaine possession or sale case over the objection of the defense that in doing so his Sixth Amendment right to confrontation is violated.” (emphasis added)). In distinguishing Bar-nette and Kettle, McGowen relied on Adams v. State, 794 So.2d 1049, 1057-58 (Miss.Ct.App.2001); but even in Adams, 794 So.2d at 1057, the testifying witness was a laboratory supervisor who had “supervised, witnessed, and checked the tests performed by his technician.”
¶ 84. The application of the Confrontation Clause to forensic evidence is “unbending” and it “may not be disregarded at our convenience.” Bullcoming, 131 S.Ct. at 2717-18. Grim’s cross-examination of Frazure was not equivalent to a cross-examination of Fernandez, and the admission of Fernandez’s report denied Grim his Sixth Amendment right to confront a witness against him. See also Miss. Const, art. 3, § 26 (“[i]n all criminal prosecutions the accused shall have a right ... to be confronted by the witnesses against him”). For this reason, the judgment of conviction should be reversed. As the majority holds otherwise, I respectfully dissent.
DICKINSON, P.J., AND CHANDLER, J., JOIN THIS OPINION.

. The State "could have avoided any Confrontation Clause problem by asking [Frazure] to retest the sample, and then testify to the results of his retest rather than to the results of a test he did not conduct or observe.” Id. at 2718. The substance was not destroyed by Fernandez’s testing, and the State, as the party bearing the burden of proof, easily could have requested a retest by an analyst available for cross-examination.

. Cf. Conners v. State, 92 So.3d 676, 690 (Miss.2012) (Carlson, P.J., specially concurring) (noting that, in McGowen, “it was the analyst who ultimately testified; the report did not speak for itself.”).