# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-KA-00339-SCT

*WADE ALAN WILLARD, SR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/25/2022 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | JOEL SMITH |
| | ALISON BRYANT BAKER |
| | HALEY NECAISE BROOM |
| | JIM L. DAVIS, III |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | WILLIAM CROSBY PARKER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/30/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Wade Alan Willard Sr. was convicted by a jury for possession of methamphetamine, and he was sentenced to serve twelve years as an habitual offender.[1] On direct appeal, Willard argues that the trial court erred by striking two potential jurors for cause and that the

---

   [1] His prior convictions also related to the possession and/or sale of controlled substances, including methamphetamine and cocaine.

trial court erred by limiting his cross examination of the arresting officer. We find that no reversible error occurred and we affirm Willard's conviction and sentence.

## FACTS AND PROCEEDINGS BELOW

¶2.     Justin Ladner, a narcotics investigator with the Harrison County Sheriff's Office, instigated a traffic stop after he observed Willard driving carelessly. Instead of pulling over to the right, Willard crossed the opposing lane of traffic and stopped on the left side of the road. After Willard's vehicle had come to a stop, Ladner observed Willard throwing a white item out of the driver's window and onto the side of the road. Ladner watched it as it was falling and he observed where it landed. He secured Willard and then photographed the scene before collecting the item. The item was a "clear plastic bag with a white crystal-like substance." The substance field-tested positive for methamphetamine. Ladner had conducted the traffic stop in an unmarked truck that belonged to the sheriff's department but was not equipped with a dashboard camera. At trial, Laura Fulks, a technician with the Mississippi Forensics Laboratory in Biloxi, testified that the contents of the packet was analyzed and that it consisted of 3.27 grams of methamphetamine.

¶3.     During *voir dire* examination, the State's attorney asked the prospective jurors whether "anyone [had] a problem or concern when the only witness that you have to a crime is a law enforcement official?" Two prospective jurors indicated a concern. The first was asked more specifically, "[s]o you couldn't convict someone just based on the testimony of a law enforcement officer?" The prospective juror responded, "[n]ot on the testimony alone." The second was asked, "[s]o you would need more than just the testimony of a law

enforcement officer to convict someone, correct?" The venireman responded, "[y]es."[2] Over Willard's objection, the court granted the State's request to strike both jurors for cause. The State used three of its peremptory strikes, and the defense used five of its peremptory strikes.[3]

¶4.     During cross examination, Willard's attorney questioned Ladner about inconsistencies in the various reports prepared by the sheriff's department. The investigation report listed Russell Holliman Jr. as the reporting investigator and Ladner as the assisting investigator. Officer Holliman did not testify at trial. Ladner testified that the traffic stop had occurred near the intersection of Cuevas Delisle Road and Mange Avenue in the City of Pass Christian. The arrest report and the incident report listed the address as 24041 Cuevas Delisle Road, which is not in close proximity to that intersection. The investigation report noted the location of the incident as Demourelle Road and Espy Avenue.

¶5.     Addressing the arrest report and the incident report, Ladner testified that the stretch of road where the stop occurred is largely undeveloped and that the 24041 address likely was the closest verified address that returned when he had searched electronically for the intersection of Cuevas Delisle and Mange. In addition to listing different addresses from the other reports, the investigation report erroneously recorded the substance as marijuana, an error that Ladner pointed out of his own initiative as he reviewed the report on the witness stand and said, "that is another typo. It's a typographical error."

---

[2] One of the two also indicated that his stepbrother had a problem with meth and heroin but that this would not impact his ability to be fair and impartial if selected.

[3] In this case, the prosecution and the defense each were allowed a maximum of six peremptory strikes. MRCrP 18.3(c)(1)(A)(ii).

¶6.    At the beginning of this line of questioning, Ladner said that he was the source of the information Holliman had used to generate the report. After being questioned about the discrepancies, Ladner testified that he did not know where Holliman had obtained the wrong information. The court sustained the State's objection to the defense attorney's continuing to question Ladner about the contents of the report, giving as his reason for sustaining the State's objection that Ladner had not prepared the report. Holliman did not testify at trial.

¶7.    The jury found Willard guilty, and the judge sentenced him to serve twelve years as an habitual offender. Willard now appeals his conviction.

## DISCUSSION

### I.    Did the trial court err by striking two jurors for cause?

¶8.    Willard argues that the trial court erred by striking for cause the two potential jurors who had said they would be unwilling to convict on the testimony of a law enforcement officer alone. A conviction under the Mississippi Controlled Substances Act requires proof of the nature of the substance through chemical analysis. ***Barnette v. State***, 481 So. 2d 788, 791 (Miss. 1985); *see* Miss. Code Ann. § 41-29-139 (Supp. 2022). Willard argues that, because a conviction based exclusively on the testimony of the arresting law enforcement officer would, in fact, be legally insufficient to support a conviction, it was improper for the judge to strike jurors who merely indicated an intent to comply with the law. The State argues that Willard cannot show (and that he does not even attempt to argue) that he was prejudiced by the strikes. Willard does not challenge the selection of any particular members of the jury

4

that ultimately was impaneled, and he makes no argument that he received an unfair trial because of the ultimate composition of the jury.

¶9.     "Trial courts have wide discretion to excuse potential jurors for cause." *Bernard v. State*, 288 So. 3d 301, 314 (Miss. 2019) (citing *Moffett v. State*, 49 So. 3d 1073, 1094 (Miss. 2010)). "[A] juror who may be removed on challenge for cause is one against whom a cause for challenge exists that would likely [a]ffect his competency or impartiality at trial." *Evans v. State*, 725 So. 2d 613, 653 (Miss. 1997) (internal quotation marks omitted) (quoting *Billiot v. State*, 454 So. 2d 445, 457 (Miss. 1984)). A defendant has the right to be tried by a fair and impartial jury but not a vested right to any particular juror. *Smith v. State*, 724 So. 2d 280, 328 (Miss. 1998).

¶10.    At the time the prosecutor informed the venire that this would be a case without video footage of the traffic stop, the jury had been told previously that the specific charge was possession of methamphetamine. The record does not reveal, when the two jurors answered that they would not convict on the testimony of an officer alone, whether they were thinking of proof of the nature of the substance, the element of possession, both, or neither. Considering the context, a fair inference from the two jurors' responses could be that, even if they might be persuaded by the evidence that the substance tested by the forensics laboratory was methamphetamine, they would not be able or willing to follow the legal standard that the defendant's possession of that controlled substance can be established sufficiently by the uncorroborated testimony of one law enforcement officer.

¶11. Willard's strategy at trial seems to have been to challenge the possession element. His attorney, in his opening statement, told the jury that Willard had not thrown anything out of the window and that the side of the road was already covered in trash. When the jury was shown photographs of the bag of methamphetamine on the ground, defense counsel had Officer Ladner point out to the jurors another piece of similar-looking trash not far away. Willard did not, and he does not now, challenge the correctness of the laboratory analysis of the substance in the plastic bag.

¶12. Given the deferential standards surrounding strikes for cause, we find that the trial court did not err by striking the two veniremen. Additionally, Willard has not shown that he was prejudiced by the strikes. The State used only three of its six peremptory strikes, and would have been able to strike both jurors peremptorily had the court not granted its motions to strike them for cause.

**II.** **Did the trial court err by limiting cross examination of the arresting officer?**

¶13. Willard argues that the trial court erred by limiting his cross examination of Ladner about the contents of the investigative report that had been prepared by a different officer, Holliman, who did not testify at trial. Mississippi Rule of Evidence 611(b) provides that "[t]he court may not limit cross-examination to the subject matter of the direct examination *and matters affecting the witness's credibility.*" MRE 611(b) (emphasis added). A trial court's decision to sustain or overrule objections to hearsay evidence is reviewed for abuse of discretion. ***Wilson v. State***, 96 So. 3d 721, 726 (Miss. 2012). Confrontation clause

violations may be reviewed for plain error. *Hingle v. State*, 153 So. 3d 659, 662 (Miss. 2014).

¶14.   In his brief, Willard argues that he had a Sixth Amendment right to confront Ladner with the report that contradicted his testimony, and he directs the Court's attention to *Nalls v. State*, 651 So. 2d 1074, 1076 (Miss. 1995) for the principle that the "right of confrontation and cross examination . . . extends to hearsay declarants." In *Nalls*, this Court found harmless error when the trial court preluded the defendant from impeaching a hearsay declarant by cross examining a witness about his knowledge of the declarant's conduct. *Id.* "When a hearsay statement has been admitted into evidence, the credibility of the hearsay declarant may be attacked to the extent that would have been allowed had the hearsay declarant actually testified at trial." *Id.* The State responds that *Nalls* related to attacking the credibility of the absent hearsay declarant, whereas in this trial, Willard was trying to attack Ladner's credibility by using hearsay statements made by someone else.

¶15.   *Nalls* arguably is distinguishable from this case on the ground that the State advances; but the defense strategy may well have been to challenge the credibility of both Ladner and Holliman. Regardless, *Nalls* does not operate to undermine the fundamental principle that, "[i]n general, 'one accused of a crime has the right to broad and extensive cross-examination of the witnesses against him, and especially is this so with respect to the principal prosecution witness.'" *Ambrose v. State*, 254 So. 3d 77, 100 (Miss. 2018) (quoting *Suan v. State*, 511 So. 2d 144, 148 (Miss. 1987)).

7

¶16. Given the broad standards applicable to cross examination, a trial judge must be cautious not to curtail the cross examination of the arresting officer who is the State's primary witness. Ladner was the sponsoring witness of the report and had testified that the information contained in the report had come from him. Ladner answered many questions about the investigation report before the court sustained the State's objection. He testified that he did not prepare the report, that some of the wrong information likely was a typographical error, that he did not give Holliman the incorrect information, and that he did not know where the preparer of the report had gotten the wrong information. If the trial court erred by curtailing that line of questioning, in this instance, the error was harmless.

## CONCLUSION

¶17. Willard's sentence and conviction are affirmed. The trial court did not clearly err by striking two venire members for cause. Any error the court committed by sustaining the State's objection to continuing the line of questioning on the contents of a hearsay report the witness did not prepare was harmless and does not constitute grounds for reversal.

¶18. **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**